GARLIE and wife, Appellants, vs. ROWE and wife, imp., Respondents.

*October 12—November 7, 1928.*

The cause was submitted for the appellants on the briefs of *Bundy, Beach & Holland* of Eau Claire, and for the respondents on that of *Fred Arnold* of Eau Claire.

The following opinion was filed November 7, 1928:

STEVENS, J. Sec. 235.01 of the Statutes provides that "no mortgage . . . by a married man of his homestead, exempt by law from execution, . . . without his wife's consent, evidenced by her act of joining in the . . . mortgage,

. . . shall be valid or of any effect whatever." This home-- stead worth less than $5,000 was by law exempt from execution. Sec. 272.20, Stats.

The plaintiff Carrie Garlie denied under oath upon the witness stand that she ever wrote what purports to be her signature upon the mortgage. The record is barren of any proof to contradict this positive evidence on the part of Mrs. Garlie. Of the two persons who signed the mortgage as witnesses, Mr. Sorlie is dead and the other witness had no independent recollection that he ever witnessed any signature of Mrs. Garlie. He did not remember that she was there at the time when Mr. Garlie signed the mortgage and when he signed as a witness.

Several genuine signatures of Mrs. Garlie are in the record. But there is no evidence of a comparison of these signatures with the questioned signature. No handwriting expert was called by either side. This court has the same opportunity to compare these signatures that the trial court had. Such comparison impresses this court with the belief that the disputed signature was not written by the hand that wrote the signatures that are admitted to be genuine. In fact such comparison leads the court to believe that the disputed signature resembles that of Mr. Sorlie, the man who embezzled the thousand dollars which this mortgage purported to secure, quite as much as it does the signature of Mrs. Garlie.

The court therefore concludes that the finding that this mortgage was executed by Mrs. Garlie is so clearly against the great weight and clear preponderance of the evidence that it must be set aside. It follows that the mortgage was absolutely void and that plaintiffs are entitled to have the judgment modified so that it will cancel the mortgage in question and the record thereof and clear plaintiffs' homestead from the pretended lien of this mortgage. The portions of the judgment which determine the rights of the

other parties to this action are not involved on appeal, and are not affected by this decision.

*By the Court.*—So ordered.

A motion for a rehearing was denied, with $25 costs, on January 23, 1929, and the following opinion was filed:

PER CURIAM (*on motion for rehearing*). In view of the fact that it was stated by plaintiffs' counsel on the trial that this action was in substance one to quiet title by setting aside the mortgage here in question, the validity of the mortgage was the only question considered when the decision of this case was written.

Plaintiffs' motion for rehearing calls attention to the fact that the validity of the note secured by the mortgage was also an issue litigated upon the trial. For reasons stated in the former opinion the note does not constitute a valid obligation against Mrs. Garlie. The same proof that was considered in the former opinion with reference to the mortgage also leads to the conclusion that the finding that Mrs. Garlie signed the note is contrary to the clear preponderance and the great weight of the evidence.

Mr. Garlie testified that he signed the note, but that he never received the thousand dollars which was the consideration for which the note was given. There is no proof which tends to show that this sum was ever paid to him. The proof shows that this sum was paid to Mr. Sorlie by a Mr. Brown who had borrowed that amount from defendant Rowe. The evidence establishes the fact that Mr. Rowe made Mr. Sorlie his agent to collect this money from Mr. Brown and to loan it to Mr. Garlie. He never completed that agency by making the loan to Mr. Garlie. Mr. Rowe cannot hold Mr. Garlie responsible for the act of his agent in failing to turn this money over to Mr. Garlie, even though Mr. Sorlie might also have been the agent of Mr. Garlie for the purpose of procuring a loan. The fact is that Mr. Garlie never received any consideration for the note here in ques-

tion and that such failure of consideration was caused by the default of Mr. Sorlie while he was acting as the agent of Mr. Rowe, whose duty it was to pay over to Mr. Garlie the sum which was the consideration for the note. The want of consideration is a question that is always open to investigation.

The court has carefully considered the argument presented by counsel for Mr. Rowe and is satisfied that the decision heretofore announced should stand so far as it determines the validity of the mortgage, and that the court should also determine that the note in question is void for a want of consideration and that it should therefore be canceled.

The portion of the judgment appealed from is therefore reversed, and the cause remanded with directions to so modify the judgment that it shall decree that the note and mortgage in question given by the plaintiffs to the defendants Rowe are void and that they be canceled, and that the title to plaintiffs' home be cleared from the cloud created by the record of such mortgage.

So ordered.