GEORGE M. DANKE COMPANY, Appellant, vs. MARTEN and another, Respondents.

*May 7—June 5, 1934.*

For the appellant there was a brief by *Barber, Keefe, Patri & Horwitz,* attorneys, and *W. Mead Stillman* of counsel, all of Oshkosh, and oral argument by *Mr. Frank B. Keefe* and *Mr. Stillman.*

For the respondents there was a brief by *D. K. Allen* of Oshkosh, attorney for Charles F. Marten, and by *Martin & Martin* of Green Bay, attorneys for Alma G. Marten, and oral argument by *Mr. Allen* and *Mr. Joseph Martin.*

FOWLER, J. This action was brought by the plaintiff to restrain the defendant Charles F. Marten from breaching a restraint-of-trade agreement made by him with the plaintiff upon purchase by the plaintiff of premises upon which was located a cheese factory. The machinery in the factory was also purchased by the plaintiff. This property was owned by the defendant Charles F. Marten and his wife. The wife was not a party to the restraint-of-trade agreement. By the agreement the defendant Charles F. Marten agreed not to engage as owner, proprietor, partner, or director, directly or indirectly, in the business of operating a cheese factory within the territory naturally tributary to the factory purchased. Upon the trial the wife was made and the trial was continued with her as a party on the alleged ground that she and her husband conspired to effect a breach of the agreement by Charles F. Marten. The court found that the plaintiff discontinued the making of cheese in the factory it

purchased shortly after taking possession thereof and "abandoned the making of cheese at . . . the factory without any announced or apparent intention on its part to resume the manufacture thereof," and concluded that "because of the abandonment of the manufacture of cheese the plaintiff no longer requires [required] the protection of the restriction bargained for and no valid reasons remain [remained] for depriving the defendant Charles F. Marten of his natural right to follow his occupation as a cheesemaker, nor for depriving the public of the benefit of his skill, experience, and services in such occupation," and for that reason dismissed the complaint, without determining whether the acts of Charles F. Marten or Mrs. Marten would have operated as a breach of the contract had the plaintiff not abandoned the making of cheese in the factory.

On appeal to this court the plaintiff contended that what the restraint-of-trade agreement was intended to protect was, not the right of the plaintiff to make cheese in the factory without competition by the defendant Charles F. Marten as cheesemaker, but the right to the milk supply tributary to the factory free from competition of Marten as a cheesemaker; that the language of the contract was ambiguous; and that the plaintiff should have been permitted to show that a general custom existed to the effect that the milk supply constitutes the inducement to the purchase of a cheese factory and the thing that fixes the price paid therefor. This court concluded that no issue between the parties as to the meaning of the restraint-of-trade agreement was raised by the pleadings or had been tried, and remanded the case for amendment of the complaint to raise, and for trial of that issue.

Upon return of the record the complaint was amended to state, in addition to the allegations of the prior amended complaint, that the defendant Charles F. Marten sold to the plaintiff the cheese factory "and the good will of the busi-

ness" conducted by the defendants therein; that the good-will of the factory constituted a large part of the consideration paid; that a well-defined business usage or custom obtains by those in the dairy products industries whereby the value of any dairy products plant is primarily determined and computed from the amount of its milk supply, and that the restriction-of-trade agreement was designed to protect the milk supply tributary to the factory purchased by eliminating Charles F. Marten as a cheesemaker in the territory naturally tributary to the factory, and thereby eliminating his competition as a maker of cheese for the milk supply in said territory.

Upon retrial the court did not limit itself to the trial of the issue it was directed by the mandate of this court to try, but contrary to its finding upon the first trial found that the plaintiff's cessation of cheesemaking in the factory purchased was only temporary, and that the restrictive obligation of the agreement is still operative against Charles F. Marten. But the court further found that Charles F. Marten did not violate said agreement; that the business of cheesemaking conducted in a near factory that was claimed by plaintiff to be a violation of that agreement is the sole and separate business of Mrs. Marten; and that Mrs. Marten did not conspire with Charles Marten to violate the latter's agreement. Judgment was entered dismissing the complaint. Several other findings of fact were made by the trial court, but it is manifest that if the findings above stated are sustained by the evidence the judgment must be affirmed. As in our view these findings must be sustained, there is no need to consider any other findings.

It is strenuously contended by counsel for appellant that the findings above stated are "against the clear weight and great preponderance of the evidence" and therefore cannot be sustained. We are unable to uphold this contention. While the cold type of the printed case might seem to sup-

port the counsel's view, the testimony of the defendants, taken at its face value, sustains the view of the trial court. The weight that should be given to their testimony depends largely upon their manner and demeanor upon the witness stand. The trial court was in position to judge as to their sincerity and truthfulness. Their relation as husband and wife, affording as it does opportunity for connivance and concerted action, and some circumstances of doubtful aspect, have caused us to scrutinize the record with great care. Had the findings of the trial court been in accordance with the counsel's view of the facts, we should have unhesitatingly sustained them. But the burden was on the appellant to sustain its contentions. As to the fact of conspiracy, which is a fraud, the burden was on the plaintiff to sustain it not only by a preponderance of the evidence but by evidence that is clear, satisfactory, and convincing. Circumstantial evidence overbears testimony that is contrary to physical facts or so inconsistent or so contrary to human experience as to be impossible of belief. But testimony not of this nature may be credible. Credible testimony may be given effect according to its import. Credibility depends so largely upon matters directly under the observation of the trial court that appellate courts seldom declare incredible what the trial court has considered credible. These considerations impel us to uphold the findings of the trial judge. No good purpose would be served by detailing the evidence upon which these findings are based.

*By the Court.*—The judgment of the circuit court is affirmed.