BRUHA, Appellant, vs. LA CROSSE PLOW COMPANY, Respondent.

*April 3—April 30, 1935.*

240

For the appellant there was a brief by *Lees & Bunge* of La Crosse, and oral argument by *Geo. W. Bunge.*

For the respondent there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *George H. Gordon.*

ROSENBERRY, C. J. It was contended at the trial, upon oral argument and in briefs of counsel here, that the plaintiff accepted the principal of his note, with interest to November 22, 1926, in full satisfaction and accord of his claim. We find it unnecessary to determine that question. It appears without dispute that the entire principal was paid. The payment is so indorsed upon the back of the note; ninety per cent of the principal having been paid February 5, 1930, and the remaining ten per cent having been paid February 23, 1931, all interest being paid to November 22, 1926. The note, being payable upon demand, was due when the loan was made. *Barry v. Minahan,* 127 Wis. 570, 107 N. W. 488; 17 R. C. L. p. 769, § 136, cases cited note 16.

It is a well-established principle of law that where interest is recoverable upon payments deferred beyond the time of maturity it is recoverable as damages; that it does not constitute a distinct claim, and can only be recovered in an action brought for the principal. Under such circumstances, a separate action cannot be maintained for the interest when the principal sum has been paid and discharged. *Stewart v. Barnes,* 153 U. S. 456, 14 Sup. Ct. 849, 38 L. Ed. 781; 17 C. J. p. 814, and cases cited footnote 28; 1 Sutherland, Damages, p. 1199, § 372.

In this case the interest is claimed because of a withholding of payment at a time when the note was long overdue. Under such circumstances, interest measures plaintiff's damages for a detention of the payment, and is not a payment

due under the contract. *Lash v. Lambert,* 15 Minn. 416. In a case where the contract provided for interest "on each of said sums at the rate of six per cent per annum from date hereof until paid," it was held an action could be maintained for interest, although the principal had been paid. *W. W. Kimball Co. v. Williams,* 36 App. D. C. 43, 23 Ann. Cas. 1331, and cases cited in note. See also *Bennett v. Federal Coal & Coke Co.* 70 W. Va. 456, 40 L. R. A. (N. S.) 588, and cases cited in note.

The plaintiff having accepted payment of the principal, he is in no position to maintain an action for interest accruing after the note became due.

*By the Court.*—Judgment affirmed.