Estate of Schmidt : Schaefer, Administrator, Appellant, vs. Henry Schmidt Estate and others, Respondents.

*May 1—June 4, 1935.*

The cause was submitted for the appellant on the brief of *F. E. Jenkins* of Milwaukee, and for the respondents on that of *John P. McGalloway,* attorney, and *S. Ted Hitzler,* guardian *ad litem,* both of Fond du Lac.

WICKHEM, J. The sole question upon this appeal is whether deceased, Henry Schmidt, by the terms of the note, agreed, consented, and acquiesced to the payment of interest after maturity and thereby tolled the statute of limitations as to him. It is undisputed that Schmidt was an accommodation person, the money having actually been loaned and paid to the Pippings. It is not contended that Schmidt gave his consent or acquiescence to the interest payments, except as such consent may be read out of the note itself. Sec. 330.47, Stats., reads:

"If there are two or more joint contractors or joint executors or administrators of any contractor no one of them shall lose the benefit of the provisions of this chapter, so as to be chargeable, by reason only of any payment made by any other or others of them."

This statute changed the common-law rule that payments by one comaker tolled the statute of limitations as to both. *Kline v. Fritsch,* 213 Wis. 51, 250 N. W. 837. Notwithstanding the statute, a joint obligor may acquiesce in or consent to a payment made by his joint contractor and thus toll

the statutes as to him. *Gillitzer v. Ducharme,* 203 Wis. 269, 234 N. W. 503; *Kline v. Fritsch, supra.* In the *Kline Case* the note contained the following provisions, which were held to constitute such a consent to payments after maturity as would toll the statutes:

"The maker, signer and indorser of this note severally waive demand, notice and protest, and agree to all extensions and partial payments, before and after maturity, without prejudice to the holder."

In the instant case the following is the provision:

"And it is agreed that all signers and indorsers of this note, either as principals or security, waive demand, protest, notice of protest and nonpayment and that this note may be renewed from time to time without notice to them."

The single question involved on this appeal is whether consent that the note may be renewed from time to time without notice is equivalent in effect to the provisions considered in the *Kline Case.* The trial court decided it was not, and we think this ruling was correct. The situation in the *Kline Case* was materially different. There the note expressly authorized partial payments after maturity. Here the note merely authorized a renewal. This means the execution of a new note by the accommodated person, if the word "renewal" is to be given its usual import and meaning. *W. R. Grace & Co. v. Strickland,* 188 N. C. 369, 124 S. E. 856, 35 A. L. R. 1296; *Parchen v. Chessman,* 53 Mont. 430, 164 Pac. 531; *Wilcox v. McCain Land & Live Stock Co.* 37 S. D. 511, 159 N. W. 49; *Clifford v. U. S. Fidelity & Guaranty Co.* 119 Okla. 133, 249 Pac. 938; *Hatten Realty Co. v. Baylies,* 42 Wyo. 69, 290 Pac. 561. Under the terms of the instrument, this could be done without notice to the accommodation persons and without participation by them in the execution of a new note. Even if the word "renew"

be understood to include informal extensions of the note without the execution of a new instrument, the description could not extend beyond such extensions as would disable the holder for some definite period from maintaining an action upon the note. The clause cannot be treated as a blanket authority to the holder to receive instalments of principal or interest without executing a formal renewal or at least granting a binding extension of time. In the *Kline Case* there was actually a prepayment of interest resulting in a binding extension. Here the interest was not paid in advance and no extension resulted. Giving to the clause in the note the most liberal possible meaning, it cannot be held that the interest payments were made under the authority of the clause.

*By the Court.*—Order affirmed.