ACCOLA, Respondent, vs. GIESE and others, Appellants.

*December 8, 1936—January 12, 1937.*

For the appellants there was a brief by *Thomas W. King* of Spring Green, attorney, and *Grotophorst, Quale & Langer* of Baraboo of counsel, and oral argument by *Mr. H. M. Langer* and *Mr. King*.

*R. H. Gollmar* of Baraboo, for the respondent.

MARTIN, J.   The note in question designates no time for payment.   Therefore, under the law of negotiable instruments, sec. 116.11 (2), Stats., the note was payable on demand.   Being payable upon demand, the note was due when the loan was made on December 1, 1926.   *Bruha v. La Crosse Plow Co.* 218 Wis. 238, 260 N. W. 425; *Barry v. Minahan,* 127 Wis. 570, 107 N. W. 488.

The note contains the following provision:

"Sureties or endorsers hereby consent that time of payment may be extended without notice thereof."

There was no extension of time either asked for or granted in the instant case.   So far as the record discloses, the payee simply held the note.   The principal maker made interest payments thereon down to December 1, 1931.

Sec. 330.47, Stats., provides:

*"Payment by one not to affect others.*   If there are two or more joint contractors or joint executors or administrators of any contractor no one of them shall lose the benefit of the provisions of this chapter, so as to be chargeable, by reason only of any payment made by any other or others of them."

This statute changed the common-law rule that payments by one comaker tolled the statute of limitations as to both. *Kline v. Fritsch,* 213 Wis. 51, 250 N. W. 837; *Estate of Schmidt,* 218 Wis. 444, 261 N. W. 240.   Notwithstanding the statute, a joint obligor may acquiesce in or consent to a payment made by his joint contractor and thus toll the statute as to him.   *Gillitzer v. Ducharme,* 203 Wis. 269, 234 N. W. 503; *Kline v. Fritsch, supra; Estate of Schmidt, supra.*

The trial court found that at the time the note was executed there was an understanding between the accommodation makers and the principal maker that the principal maker was to pay the interest on the note, from which respondent concludes that the accommodation makers have acquiesced in and consented to the interest payments made

by the principal maker and thus the statute of limitations has been tolled as to the accommodation makers. There is some testimony to the effect that when the note was executed, it was understood that Ben Giese, the principal maker, was to pay the interest on the note, and the principal if he could. Needless to say, that is the general understanding between the principal maker and the accommodation makers as to the payment of both principal and interest. Otherwise, there would be few accommodation makers. The note, as executed, is the contract between the parties and fixes their liability.

The appellant Olive Giese, wife of the defendant Ben Giese, is in a different situation from that of her coappellants, Sarah E. Anderson and Fred Giese, in that on December 1, 1931, she joined with her husband in the execution of a note payable to the order of the respondent in the sum of $390, which note was given to respondent in part payment of interest due upon the note in question. This tolled the statute of limitations as to her. Besides, she testified:

"I and my husband moved on the farm after that; a year or so after that; 1926 it was. That was the time when the money was borrowed. We operated that farm from then until the spring of this year [1936]. The income from that farm was used by me and my husband to pay the bills and whatever uses we had for it. I don't know whether, among other payments that were made, was the interest on the note up to 1931; I didn't pay any attention to the note, only about the interest."

The appellants Sarah E. Anderson and Fred Giese never furnished any part of the money that was paid as interest on the note; the respondent never requested either to make any payment on the interest accrued; neither ever authorized the defendant Ben Giese to make any payment on their behalf. There is no evidence that the respondent ever mentioned the payment of interest or principal due on the note to either

Mrs. Anderson or Fred Giese.   There is no evidence of any act on the part of the appellants Sarah E. Anderson and Fred Giese which would deprive them of the protection of sec. 330.47, Stats.   They did nothing which tolled the statute of limitations.   The judgment as to them must be reversed.

*By the Court.*——Judgment affirmed as to appellant Olive Giese, and reversed as to appellants Sarah E. Anderson and Fred Giese, and record remanded with directions that the action be dismissed as to Sarah E. Anderson and Fred Giese, with costs.