Kies (Erna J.), Respondent, vs. Hopper, Appellant.
Kies (William), Respondent, vs. Same, Appellant.

*May 16—June 15, 1945.*

*Harry V. Meissner* of Milwaukee, for the appellant.

For the respondents there was a brief by *Samuel B. Perlson* and *John L. Newman,* both of Milwaukee, and oral argument by *Mr. Newman.*

FRITZ, J.    At the time of the collision both cars were proceeding westward on the north half of a seventy-five-feet-wide paved street on which there were patches of ice.    Mrs. Kies testified that as she was driving at twenty-five to twenty-eight miles per hour without slowing up the car, it was brought to a stop when its rear bumper was struck by the front bumper of defendant's car, so that the bumpers became interlocked and the cars were stopped abruptly by the application of defendant's brakes and the impact.    He testified that as he approached the place of the collision he followed the Kies car for three or four blocks within only thirty to forty-five feet between the cars, and that under the conditions and rate of twenty to twenty-five miles at which he was traveling he knew it would require two to three car lengths or thirty to forty-five feet to stop his car.    According to his testimony, the Kies car had not come to a stop when his car bumped into it; its "wheels were still just moving when we collided."    He claims that there was "just a sudden slowing down," although he saw no lights flash at the rear of the car as they would if the brakes had been applied; that from the time he noticed the Kies car slow up his car moved west about twenty-five to thirty feet; that as soon as he noticed the space between the cars decreased, perhaps six feet, he applied his brakes; that the first thing he did was to try to turn his car to the south, but when he applied the foot brakes his car began to skid straight west; and that there was no physical obstruction to prevent him from passing the Kies car on the left, but from the time he applied his brakes, his car went straight ahead.

In its special verdict the jury found Hopper was not negligent in respect to the distance at which he followed behind the Kies car; but that he was causally negligent in respect to his

control of his car.  In relation to Mrs. Kies, the jury found that she was causally negligent in reducing the speed of her automobile just prior to the collision; and that thirty per cent of the total causal negligence was attributable to her.  And the jury assessed Mrs. Kies' damage at $150; and her husband's damages for loss of his wife's services and society and for medical expenses which he incurred at $150.

In connection with its order setting aside the verdict and granting a new trial "in the interests of justice" the court stated the following reasons: (1) Because the jury finding that Hopper was not negligent in respect to distance at which he followed behind the Kies car is "contrary to the great weight of the evidence;" (2) because the award of $150 as damages to Erna Kies is "grossly inadequate and contrary to the testimony of the three physicians whose credibility was not impeached by other testimony;" and (3) because the award of $150 as damages to William Kies "is inadequate because it failed to allow both the medical expenses, the reasonable value and necessity of which was not impeached by other testimony and adequate damages for loss of society or consortium."

The reasons thus stated were clearly sufficient in law to warrant the court to grant a new trial in the exercise of its discretion, if the evidence in the record can reasonably be deemed to afford sufficient basis for the reasons specified by the court.  In passing upon the sufficiency thereof no necessary purpose will be served herein by discussing in detail the evidence involved in the issues determined by the jury's findings, which the court set aside.  It suffices to note that upon taking into consideration all of that evidence in connection with the well-established rules and practice in relation to the power and duty of a trial court in passing upon such a motion for a new trial, we are convinced that it was within the trial court's province to set aside the verdict and grant a new trial for each of the reasons stated by the court as noted above. The considerations that the credibility, weight, and effect to

be given to the testimony of witnesses depends largely upon their manner and demeanor upon the stand and similar matters which came directly under the observation of the trial judge are usually of considerable significance on an appeal in passing upon the trial court's deliberate determination in relation to the evidence and impelling us to sustain that determination (*George M. Danke Co. v. Marten,* 215 Wis. 470, 474, 255 N. W. 121) ; and these considerations and consequences are likewise applicable in passing upon the court's ruling in granting a new trial under such circumstances as are involved herein. Moreover, "It is well settled in this state that a new trial granted in the interest of justice is a highly discretionary order, and that, while it is not beyond the power of this court to review it, in order to reverse it must clearly appear that there was an abuse of judicial discretion." *Fontaine v. Fontaine,* 205 Wis. 570, 574, 238 N. W. 410; *Jolitz v. Fintch,* 229 Wis. 256, 261, 282 N. W. 87. And as the court said in *McCoy v. Terhorst,* 188 Wis. 512, 517, 518, 205 N. W. 420, on an appeal from an order granting a new trial in the interests of justice,—

"In such cases we do not reverse merely because, upon the record before us, we come to a different conclusion. It must clearly appear that there was an abuse of judicial discretion before we reverse. In *John v. Pierce,* 176 Wis. 220, 224, 186 N. W. 600, the rule is thus stated : 'A discretion is vested in the trial court to grant a new trial when he feels that the verdict is against the weight of evidence, and this court will not disturb his action in that respect where the evidence is such that conflicting conclusions may be reached by different persons.' . . . Trial judges must be left free, nay, must be encouraged, to exercise a sound judicial discretion in such matters. The rights of neither parties are concluded by granting a new trial. Both have a right to submit their respective claims to a new tribunal, believed by the trial judge better qualified to pass thereon."

*By the Court.*—Orders affirmed.