AUER, Appellant, vs. JOHNSON and another, Respondents.*

*December 5, 1950—January 9, 1951.*

* Motion for rehearing denied, with $25 costs, on March 6, 1951.

*Charles L. Mullen* of Milwaukee, for the appellant.

For the respondents there was a brief by *Jones & Petersen,* attorneys, and *Patrick T. Sheedy* of counsel, all of Milwaukee, and oral argument by *Mr. Henry G. Petersen* and *Mr. Sheedy.*

MARTIN, J. Plaintiff Auer commenced an action against each of the defendants on their respective promissory notes in the amount of $1,000 each, plus interest. The notes represented the unpaid balance of the purchase price of shares of stock of the Chas. Schott Machine Company, a Wisconsin corporation, not a party to this action.

The defendants owned a partnership known as Johnson Engineering Company. They had a prospect for a large order, but that particular client wanted them to do the manufacturing as well as the engineering thereon. Since they did not have a manufacturing plant, the defendants conferred with Auer, then president of Chas. Schott Machine Company, about becoming a part of said corporation. The merger of the partnership and said corporation was made by written contract.

An oral agreement was made for the purchase of the stock. The Johnson Engineering Company gave plaintiff a check, as down payment for the stock, in the amount of $3,025, payable to "S. F. Auer, Agt." and dated May 8, 1946, also the date of the merger. The evidence discloses said check was deposited in Auer's personal account. The notes in question were made payable to "S. F. Auer."

Defendant Werner became vice-president and shop superintendent of said corporation and defendant Johnson became a director and in charge of the engineering department, each receiving $100 per week until January, 1947.

The note cases were tried before the Hon. T. J. PRUSS, civil judge, who found no fraud, dismissed defendants' counterclaims, and on March 9, 1948, entered judgment in favor of the plaintiff for damages, interest, costs, and disbursements.

The defendants appealed. Hon. AUGUST E. BRAUN, circuit judge, by order of May 27, 1948, reversed the judgment and remanded the cases to the civil court for a new trial. His decision stated in part:

"The evidence shows that plaintiff never gave any consideration for the note in question although the evidence suggests that the defendant was to receive stock for the same. While the trial court permitted some questions to be asked of the plaintiff and of the defendant as to what the note was given for, all of the parties and the court seemed to entertain the belief that parol testimony was incompetent to establish lack of consideration for the note. An examination of the cases decided both in Wisconsin and other jurisdictions uniformly hold that, while a negotiable promissory note when properly proven raises a presumption that the note is supported by a consideration, such presumption is rebuttable, and that it is competent to show, even by parol testimony, that the promise expressed in the note is not supported by any consideration. It is suggested that counsel examine the cases on this subject.

"Because of the error of the trial court in giving judgment for the plaintiff upon the present state of the record and that thereby a miscarriage of justice may have resulted the judgment of the civil court should be reversed with directions to grant a new trial. It is suggested that counsel consider the advisability of amending their pleading to properly present the true issues between the parties."

The action was tried and the special verdict of the jury on November 3, 1948, found that Auer had knowingly and falsely represented to the defendants on or about May 8, 1946, that they were purchasing treasury stock of the Chas. Schott Machine Company; that the proceeds of this sale were to be turned into Chas. Schott Machine Company as working capital of said company; and that the defendants relied upon these representations and believed them to be true. The court then ordered return of the money paid to Auer with interest and costs, and dismissed plaintiff's complaint. Judgment was entered December 17, 1948. Hon. ROBERT C. CANNON, civil judge, stated in part in decision on motions:

"The court, after listening to argument on motions after verdict, is of the opinion that it was a question of fact which the jury decided. The court is further of the opinion that there was no evidence during the course of the trial which as a matter of law would force the court to change any of the answers to the questions in the special verdict. The court cannot find any basis for the verdict being contrary to law or that the verdict is contrary to the evidence."

Plaintiff thereupon appealed to the circuit court for Milwaukee county and that court affirmed the judgments of the civil court. On January 4, 1950, plaintiff requested a reconsideration or rehearing on the appeals. Hon. GUSTAVE G. GEHRZ, circuit judge, on January 6, 1950, stated in part:

"The court carefully reviewed the record again and has reached the conclusion that no reversible error exists in these cases. The Civil Court Act requires *manifest* prejudicial error before any reversal will result.

"The request of appellant's counsel of January 4, 1950, is addressed to alleged errors or mistakes in the interpretation and amendment of pleadings and other matters of practice which, as study of the record will readily disclose, do not warrant a reversal at this stage of the litigation. The correctness of this conclusion will be obvious from the mere study of the following statutes: Secs. 263.07, 263.27, 263.28, 263.45, 263.47, 269.51, 269.52, 269.43, 269.44, 269.46, 274.32, 274.37. All of the above statutory provisions adhere to the liberality rules plainly stated and reiterated in our code and practice. It is deemed unnecessary to quote them at length."

We have carefully examined the pleadings and fully concur in the above decision.

The findings of the jury approved by the trial judge may not be disturbed unless they are against the clear preponderance or great weight of the evidence. The credibility of testimony depends so largely upon matters directly under the observation of the trial court that appellate courts will seldom declare incredible what the trial court has considered credible. *George M. Danke Co. v. Marten* (1934), 215 Wis. 470, 474, 255 N. W. 121. There is sufficient evidence herein to support the verdict of the jury.

The trial court made the following statement in the first record:

"The Court: Their defense here, however, is fraud.
"Mr. Mullen: Let them set it up then.
"The Court: It is."

It is obvious that the plaintiff knew that the defense was fraud.

The court, in determining whether a transaction disaffirmed or rescinded in part could on motion be amended to rescind *in toto,* stated as follows in *Turner Mfg. Co. v. Gmeinder* (1924), 183 Wis. 664, 669, 198 N. W. 611:

"The plaintiff knew all the facts and clearly was not surprised by any facts stated in the proposed amendment. The stock was in its possession and over it defendant had no con-

trol. An offer to return or allegations in a pleading under such circumstances would have had no object or result except as an attempted compliance with the rule which applies in ordinary cases.

"Any defense the defendant may have had grew out of the fraud alleged to have been perpetrated in the sale of both classes of stock. The amendment was not foreign to the subject matter of the action, and under all the circumstances we do not think that it set up an entirely new defense arising after the action was brought, as claimed by plaintiff's counsel. Nor do we consider that the amendment was such a change of the claim of defense as to require the court, as a matter of law, to deny the application."

It is established, as a general rule of law, that the commencement of action for rescission in law cannot be had until the defrauded party rescinds the contract, and that he must do so by offering to return that which he has received. *Mueller v. Michels* (1924), 184 Wis. 324, 340, 197 N. W. 201, 199 N. W. 380.

However, the defrauded party herein has received nothing under the contract and has parted with consideration. The commencement of a legal action is a sufficient rescission and no overt act on the part of the party defrauded is necessary to recover the consideration parted with. *Philpott v. Superior Court* (1934), 1 Cal. (2d) 512, 36 Pac. (2d) 635.

We hold this action to be one at law. The civil court in the trial of this action had jurisdiction over the subject matter, and the judgments were validly entered therein.

*By the Court.*—Judgments affirmed.