ESTATE OF VOGEL: PAASCH, Appellant, vs. ESTATE OF VOGEL, Respondent.

*March 7—April 3, 1951.*

For the appellant there was a brief by *Hansen & Hansen,* of Silver Lake, attorneys, and *Chester D. Richardson* of Kenosha of counsel, and oral argument by *Mr. Richardson* and *Mr. Erik Hansen.*

For the respondent there was a brief by *E. John Wehmhoff,* of Burlington, attorney, and *Vaudreuil & Vaudreuil* of Kenosha of counsel, and oral argument by *Leo E. Vaudreuil.*

FAIRCHILD, J.   It appears that Frank Sommerfeldt loaned Paul Vogel $800.   Some time later, evidently in the neighborhood of three weeks, a note was given to Sommerfeldt in the following form:

"Burlington Wisc. 1945
". . . . . . after date I promise to pay to the order of Frank Sommerfeldt eight hundred dollars $800 dollars at Silver Lake, Wis.
"Value received with interest at 4% per annum after date until paid.

"Paul Vogel
"No.        Due Wm X Vogel.            "Rose Vogel"

The evidence sustains the objection interposed by the executor, to wit: ". . . that said claim is not a valid claim against the estate of William Vogel, deceased; that William Vogel received no valid consideration therefor, and that he was not indebted to said claimant."

While formal findings were not made, the trial court did, in a written opinion which was made part of the record, state findings and conclusions and after that said: "Wherefore it is ordered and decreed, that the foregoing statement and findings be recorded and stand as the judgment of the court upon the claims in said estate." It is considered that under the circumstances appearing from the record there is a sufficient compliance with the statute in such case made and provided. Sec. 270.33, Stats.; *Adams v. Adams,* 178 Wis. 522, 190 N. W. 359; *United Parcel Service v. Public Service Comm.* 240 Wis. 603, 4 N. W. (2d) 138, 5 N. W. (2d) 635. When the loan was made, William Vogel was not a party to the transaction. It became a completed transaction under the evidence relied upon by the court between Paul Vogel and Frank Sommerfeldt. The liability under the evidence arises out of the obligation of Paul Vogel. William Vogel's name did not become involved until later when he made his mark upon the note. Paul Vogel already had had the money

for some weeks, and he had secured the same without any inducement coming from William Vogel to influence the loan to him by Frank Sommerfeldt. It appears that Paul had borrowed the money to meet his individual obligations. At the time of William Vogel's placing his mark upon the note, nothing occurred which can be said to have altered or affected to the detriment or to change the situation in which the payee was by reason of his having previously loaned $800 to his nephew.

The writing presented as a basis of the claim does not satisfy the statute of frauds as an agreement to pay the debt of another. Sec. 241.02 (2), Stats. And as far as the note is concerned, lack of consideration is a matter of defense as against any person not a holder in due course. Sec. 116.33. Here the note remained in the hands of the original payee. Therefore the existence of consideration becomes important as a defense. The trial court was convinced that there was an absence and failure of consideration at the time William Vogel made his mark, that his estate was entitled to the benefit of the defense against the claimant because the claimant is not a holder in due course. *Sheldon v. Blackman,* 188 Wis. 4, 205 N. W. 486; *Garlie v. Rowe,* 197 Wis. 257, 221 N. W. 749; *Schwenker v. Johnson,* 198 Wis. 300, 224 N. W. 117; *Estate of Smith,* 226 Wis. 556, 277 N. W. 141; *Estate of Hatten,* 233 Wis. 199, 288 N. W. 278; *Auer v. Johnson,* 258 Wis. 223, 45 N. W. (2d) 696.

Having determined that William Vogel at the most was but an accommodation maker and that the loan was not made in reliance on any promise made or inducement offered by William Vogel, the court properly decided that the deceased was not indebted to claimant at the time his mark was placed upon the note.

*By the Court.*—Judgment affirmed.