STATE, Appellant, vs. HIBICKE, Respondent.

*January 8—February 3, 1953.*

214

For the appellant there was a brief by the *Attorney General* and *William J. McCauley,* district attorney of Milwaukee county, *Herbert L. Mount,* special prosecutor, and *Harold J. McGrath,* special assistant district attorney, and oral argument by *Mr. Mount* and *Mr. McGrath.*

For the respondent there was a brief and oral argument by *George A. Bowman* of Milwaukee.

BROWN, J.  "The granting of a new trial in the interest of justice is highly discretionary, and the order, although reviewable, will not be reversed by the supreme court unless it clearly appears that there was an abuse of judicial discretion." Syllabus, *Kies v. Hopper* (1945), 247 Wis. 208, 19 N. W. (2d) 167.

We need examine the trial court's reasons no further than to find one sufficient to justify the order for the new trial as an act within the trial court's discretion.

During the trial, to a question by the court, counsel for the state replied that it was essential to the state's case that an application for a trailer-camp license be pending at the time of the alleged bribery. It is conceded that no written application was ever made. Nifong testified that he made oral application but was turned down. The state's brief correctly says:

"The evidence shows, however, that the state's witness Nifong had made several oral applications in personal appearances before the town board but that in each instance

the board turned him down and refused to accept a written application."

and adds:

"We believe that the court overlooked this testimony and that the proof offered by the state was sufficient to show that Nifong had applied for a license and was rejected."

To our minds this quotation confirms the learned trial court's statement that there was no trailer-camp application pending at the time of the corrupt agreement as testified to by Nifong. When an application is rejected it certainly ceases to be pending. Thus on the theory chosen by the state, the trial court was fully justified in setting aside the verdict and granting a new trial for the reason that it had not been proved that an application for a trailer-camp license was pending at the time of the alleged bribery.

It may be doubted, however, that the matter which the bribe is to influence must be pending in order to satisfy the requirements of sec. 346.06 (1), Stats. The statute provides an alternative: The matter or proceeding may be one which is pending "or which may by law come or be brought before him [the officer] in his official capacity." We must inquire then, whether the matter of procuring a license is one which might come or be brought before the constable in his official capacity in which the money paid was to influence his vote, opinion, judgment, or action thereon.

Hibicke was constable. He did not grant such licenses or vote upon them. The minutes of the town board show that he was instructed to enforce all the ordinances of the town respecting trailer camps and had authority to enter and inspect such camps. The state showed that he had neglected to enforce an ordinance against Nifong by not compelling the removal of two trailers from Nifong's unlicensed premises. But the indictment and the proof agree that the corrupt agreement was for the purpose of procuring a license, and

that only. There was no corrupt agreement for his forbearance in compelling obedience to ordinances. The agreement did not deal with his duty in law enforcement. The state argues that Hibicke did have a duty in regard to the granting of licenses and that there was a corrupt agreement designed to affect his judgment and action in that respect. It submits that minutes of a board meeting held November 30, 1948, show that Hibicke attended the meeting and advised the board that a Mr. White was co-operating with official requirements at his trailer camp and recommended that White be granted a license. The trial court refused to admit these minutes in evidence, correctly, as we think because they did not constitute proof of any duty which Hibicke had on the preceding September 19th. But even if the minutes were admissible they do not supply proof that even on November 30th Hibicke made his recommendation as a matter of official duty. Board minutes of earlier meetings show no resolution, nor was there other proof, that he had any duty respecting such recommendations or reports. The only direction given him, as far as the minutes show, was that he should enforce the ordinances. Moreover, minutes of meetings held in 1948 before September 19th show trailer-camp licenses granted and refused with no report or recommendation noted on the part of Hibicke. It would appear from this that Hibicke had no official duty in respect to the granting of licenses, that recommendations were not required from him and that the question of licensing a trailer camp was not a matter which was or might be brought before him in his official capacity. We agree, therefore, with the learned trial court and consider its order granting a new trial was not an abuse of discretion when based on its reason that—

"There is an allegation in the indictment to the effect that the defendant agreed to influence the town board to grant such a license. In view of the fact that the constable had no duty with respect to the granting of such a license it

would not be bribery for him to take money to attempt to influence the town board any more than it would be bribery for a lawyer, or any other citizen, to accept money for that purpose. It may be a violation of ethics and good conduct for a public officer in such a capacity to use his influence upon a board, but it would not be bribery."

We conclude that the order of the learned trial court should be affirmed.

*By the Court.*—Order affirmed.