London & Lancashire Indemnity Company, Plaintiff and Appellant, vs. Allen, Defendant: Stitgen and another, Defendants and Respondents.

*January 10—February 7, 1956.*

For the appellant there was a brief and oral argument by *James C. Geisler* of Madison.

For the respondent Vincent C. Stitgen there was a brief by *Roberts, Roe, Boardman, Suhr & Bjork* of Madison, and oral argument by *Walter M. Bjork*.

BROWN, J.   Defendant Allen was an employee of Security State Bank. In October and November, 1952, he embezzled approximately $15,000, the offense was discovered and he was discharged.  The bank carried insurance with plaintiff London & Lancashire Indemnity Company indemnifying it against such losses. Acting to protect itself or its insurer, soon after the bank had discovered the loss it informed Allen that he must cover his shortage with promissory notes signed by reputable and solvent citizens.  A note was prepared by the bank's attorney for $8,500, dated December 9, 1952, and payable on demand.  This was executed by Allen and soon afterward by the defendants Stitgen and Dollard.  The Insurance Company made good the shortage to the bank and the bank assigned the note to the insurer, which then brought this action on it.

Respondent Dollard did not submit a brief or oral argument on the appeal. Supreme Court Rule 32, sec. 251.32, Stats., states:

"When a cause is submitted or presented by counsel for appellant or plaintiff in error, but not by the opposing party, the judgment or order appealed from may be reversed as of course, without argument."

We do not exercise this authority to reverse the judgment dismissing the complaint against Dollard because the facts and law on the subject of the consideration for his execution of the note are identical with Stitgen's and the results should not differ; but our opinion will deal only with Stitgen.

Stitgen pleaded two separate defenses, one of which was that the note was given for a pre-existing indebtedness of Allen to the bank and there was no consideration for Stitgen's execution of it. Trial was to the court which made findings of fact of which the ones now material are: That Stitgen was an accommodation maker; that there was no agreement among the parties extending the time of payment for the demand note; that there was no consideration for Stitgen's signature on the note; that the plaintiff is not a holder for value. The evidence supports the findings. Appellant does not contend that it is a *bona fide* purchaser of the note for value and without notice of its infirmities. The record makes it plain that appellant stands in the shoes of the bank.

As to the bank, at the time the note was executed by the parties Allen was indebted to it for more than the amount of the note. Sec. 116.30, Stats., declares:

"VALUE, DEFINED. Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

Whatever may be the case concerning Allen, it is clear that there was no consideration for the signature of Dr.

Stitgen. The bank did not give money or anything of value to anyone on the strength of his signature. It did not postpone, diminish, or otherwise affect Allen's liability in return for Stitgen's signature nor did it promise to do so. Appellant submits that there was consideration in fact because it did not proceed immediately against Allen and/or Stitgen but actually delayed action. It offered proof that, before the note was signed, an understanding was reached that the time of payment was being extended. The court refused this offer on the ground that it was an attempt to vary the terms of a written instrument. The ruling was correct. The note, being payable on demand, was due at once. *Bruha v. La Crosse Plow Co.* (1935), 218 Wis. 238, 240, 260 N. W. 425; *Accola v. Giese* (1937), 223 Wis. 431, 433, 271 N. W. 19. Testimony that, by oral agreement, it was not to be due until a definite or indefinite future date clearly varies the written terms.

The liabilities created long before by Allen's acquisition of the bank's money were not altered in any way in return for, or in consideration of, Stitgen's execution of the note. Allen received nothing, either in extension of time or in property, in return for Stitgen's signature and it has never been argued that Stitgen received anything. The legal situation is as it was in *Estate of Vogel* (1951), 259 Wis. 73, 47 N. W. (2d) 333, where a loan was made to the primary maker and his note given. Some three months later his uncle was induced to sign the note. We held that the latter signature was given without consideration. The rule is expressed in 7 Am. Jur., Bills and Notes, p. 947, sec. 250, as follows:

". . . the general rule sustained by the great weight of authority is that the undertaking of one not a party to the original transaction who, in pursuance of some subsequent arrangement and not by reason of an agreement at the time of the original transaction of which he has notice or knowledge, signs as surety, guarantor, indorser, or comaker, after the original contract has been fully executed and delivered,

is a new and independent contract, and to be binding must be supported by a new and independent consideration from that of the original contract. However, such new consideration need not pass to the party signing, but may be a benefit or advantage to the party debtor, or a detriment to the party creditor, on the note. . . ."

There was no new consideration for Stitgen's new obligation, and the obligation is unenforceable against him. The judgment dismissing the complaint as to him was proper.

Since the judgment must be affirmed on this ground, at least, it is not necessary to consider Stitgen's other defenses.

*By the Court.*—Judgment affirmed.