PERRY, Plaintiff and Respondent, vs. RISKE (Delwin A.),
Defendant: RISKE (Elizabeth), Defendant and Appellant.

*November 7—December 3, 1957.*

For the appellant there was a brief and oral argument by *John V. Evans* of Kenosha.

For the respondent there was a brief by *McEvoy & Munger* of Kenosha, and oral argument by *Earle Munger*.

STEINLE, J. The defendants, Delwin A. Riske and Elizabeth Riske, were married on November 8, 1947. Prior thereto Delwin A. Riske had been married to Dora Riske who was a daughter of the plaintiff, Josephine Perry. Dora Riske died at Glendale, California, on December 10, 1945, leaving surviving two minor children of her marriage with Delwin A. Riske, one of whom was Sally Ann Riske. Dora Riske and Sally Ann came to the plaintiff's home in California in June, 1945. Dora Riske remained there until her death, and the child, Sally Ann, continued to stay with the plaintiff until the time when the note in question was signed by the defendant, Elizabeth Riske, in June, 1953.

The plaintiff was appointed as guardian of the person of Sally Ann in California on February 16, 1948. It appears without dispute that Delwin A. Riske failed completely in the matter of the support of his daughter, Sally Ann, during the years that she lived in the plaintiff's home, and that the plaintiff frequently had made demands for such support upon him.

Elizabeth Riske and Delwin A. Riske resided in Kenosha. In June, 1953, Elizabeth Riske traveled to California to visit a brother. While there, she contacted the plaintiff with a view of obtaining permission to have Sally Ann visit the defendants in Kenosha. She was referred to plaintiff's lawyer who informed her that the plaintiff wanted $5,000 in payment of the arrearage of support money for Sally Ann. She told the lawyer that Delwin and she were "not made of money." A few days later the lawyer told her that the plaintiff was willing to settle for $2,500, and that she would have to sign notes in favor of the plaintiff in order to obtain the plaintiff's permission to take the child out of California. She agreed to do so and signed three notes, all of which were dated June 10, 1953, before leaving with Sally Ann for Kenosha. Two of these notes were ordinary negotiable promissory notes for $2,000 each payable in instalments of principal and interest at the rate of $40 per month commencing October 1, 1953. The third note was for $500. The lawyer retained one of the $2,000 notes and the $500 note. It was arranged that Elizabeth Riske was to take the other $2,000 note to Kenosha for Delwin A. Riske's signature thereon, and that when said note was returned to plaintiff's lawyer, the other $2,000 note would be forwarded to the Riskes in Kenosha. Delwin A. Riske signed the note which Elizabeth Riske brought to Kenosha. It was mailed to plaintiff's lawyer together with payment of the $500 note. Thereafter and on July 8, 1953, the lawyer sent to the Riskes the $2,000 note which

he had originally retained and which had been signed by Elizabeth alone. He also sent to the Riskes the $500 note which they had paid. Seven monthly instalment payments of $40 each were made on the $2,000 note before default. The note provided that in the event of default with respect to any instalment payment, the whole sum would become due immediately.

It is the position of the defendant, Elizabeth Riske, that there was no consideration to her or to her husband for the note in suit, and further that she was not liable thereon as an accommodation maker. The plaintiff contends that the record establishes that there was valuable consideration to both defendants, but, in the event of a determination that there was no consideration to Elizabeth Riske, said defendant nevertheless is estopped as a matter of law in denying consideration as to her,—the latter of such contentions being based on the fact that she and her husband made instalment payments on the obligation. The plaintiff also maintains that Elizabeth Riske was at least liable for payment as an accommodation party to the note, and that consideration to the husband was sufficient to bind her.

We are constrained to hold that Elizabeth Riske was an accommodation maker of the note in question, and that the consideration supporting her promise in the note was that extended to Delwin A. Riske by the plaintiff. By reason of such determination we deem it unnecessary to adjudicate the other issues raised upon this appeal.

Sec. 116.34, Stats., provides:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

An accommodation maker is liable on a note to the payee providing that the accommodated party received a valid consideration and notwithstanding that the accommodating party did not receive consideration. In *Marling v. Jones* (1909), 138 Wis. 82, 87, 119 N. W. 931, it was said:

"No consideration moving to the accommodation maker is necessary to uphold an accommodation note. The very name of the paper suggests this. The consideration in such case which supports the promise of the accommodation maker is that parted with by the person taking the accommodation note and received by the person accommodated."

In support of her position that there was want of consideration, the defendant Elizabeth Riske relies upon such authorities as *London & Lancashire Indemnity Co. v. Allen* (1956), 272 Wis. 75, 74 N. W. (2d) 793, *Estate of Vogel* (1951), 259 Wis. 73, 47 N. W. (2d) 333, and *Hover v. Magley* (1905), 48 Misc. 430, 96 N. Y. Supp. 925. The facts in each of said cases are clearly distinguishable from those here. In *London & Lancashire Indemnity Co. v. Allen, supra,* the liabilities of the maker to the payee accrued before the note, which was payable on demand, had been signed by the maker. Sometime after such signing, the accommodation maker signed it. In that case this court pointed out that a note payable on demand is due immediately, citing *Bruha v. La Crosse Plow Co.* (1935), 218 Wis. 238, 240, 260 N. W. 425, and *Accola v. Giese* (1937), 223 Wis. 431, 433, 271 N. W. 19. In *London & Lancashire Indemnity Co. v. Allen, supra,* no direct consideration was extended to the accommodation maker. For such reasons and also because the note did not postpone, diminish, or otherwise affect the maker's liability in return for the accommodation maker's signature, and did not promise to do so, it was held that there was want of consideration to the

accommodation maker. Offer was made on the part of the payee's successor to prove that before the note was signed an understanding had been reached that the time for payment was being extended. The trial court ruled that such offer was an attempt to vary the terms of a written instrument,—the demand note being due when made. The ruling was sustained on the appeal. In *Estate of Vogel*, *supra*, it was found that the demand note was signed by the maker and given by him to the payee for a loan. Sometime later the decedent signed the note as an accommodation maker. The loan had not been made by the payee to the maker in reliance on any promise made or inducement offered by the accommodation maker. The court determined that there was want of consideration as to the accommodation maker. In *Hover v. Magley, supra,* a wife joined her husband as maker of a promissory note payable upon demand. The answer alleged that the note was given for a pre-existing debt of the husband. The note did not alter the debt or extend the time of payment thereof. The court found that there was want of consideration as to the wife.

Sec. 116.30, Stats., provides:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

In the case at bar the defendant Elizabeth Riske testified that the plaintiff wanted $5,000 for the care and support of Sally Ann, but that later she was willing to settle for $2,500. Elizabeth Riske also testified that she felt that $2,500 was reasonable for the support of the girl from 1945 until 1953; that she agreed to pay $2,500; that she was willing to stipulate that from the time Dora and Sally Ann went to California, the plaintiff attempted to obtain support payments from Delwin A. Riske.

Notwithstanding the legal obligation of Delwin A. Riske to have supported his daughter while she lived with the plaintiff, the defendant on this appeal maintains that there is a lack of proof in the record to show Riske's obligation in such regard. Riske signed the note in question and did not defend the action as against himself. Sec. 116.29, Stats., provides that "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration." The presumption that a note is supported by a consideration is, of course, rebuttable. However, here the defendant did not overcome the presumption of consideration, but actually established by her own evidence that the consideration consisted of a compromise of the amount due from her husband to the plaintiff with respect to his legal obligation of support payment for the daughter. It is well established that the settlement of a doubtful claim or an honest difference between the parties,—the claim of indebtedness being made in good faith,—is a valid consideration for a note given in settlement of such claim. 5 U. L. A. (Part 1), p. 321, Uniform Negotiable Instruments Act, p. 8, sec. 25, note 361. It appears without dispute that the plaintiff's claim for support of Sally Ann was made in good faith.

Unlike the situations in the cases (referred to above) relied upon by the defendant-appellant, it is plain from the evidence here that the obligation of the defendant Riske was not only compromised as to amount, but that the obligation in amount as agreed upon and due in June was supplanted by a note extending the time for payment with the first instalment due in October. Such extension of time was in itself a valuable consideration in support of the signature of the defendant-appellant as an accommodation maker and joint obligor. This court has heretofore held that if a note grants an extension of time for the payment of a pre-existing debt, notwithstanding that it does not wipe out the debt, the granting of the extension of time

is a sufficient consideration to support the note as to all who signed it. *Maryland Casualty Co. v. Hjorth* (1925), 187 Wis. 270, 202 N. W. 665; *Holmes v. Webb* (1917), 166 Wis. 280, 164 N. W. 1007.

It is the rule as stated in *Estate of McAskill* (1934), 216 Wis. 276, 257 N. W. 177, that the terms of a note cannot be varied by parol. However, the parol evidence in the case at bar was not presented for the purpose of varying the terms of the note, but was developed in connection with the defense of want of consideration issuing to Delwin A. Riske in exchange for the note. As said in *Garlie v. Rowe* (1928), 197 Wis. 257, 261, 221 N. W. 749, 223 N. W. 93:

"The want of consideration is a question that is always open to investigation."

Parol evidence was admissible against the attack based on want of consideration. A contrary rule prevails in the case of a demand note (which becomes due immediately upon execution) where an attempt to show that an extension of time of payment was agreed upon, would clearly tend to vary the terms of the note. See *London & Lancashire Indemnity Co. v. Allen, supra.*

Here, true, the note in question was signed by the wife before the husband's signature was placed thereon. However, it was not delivered until the husband signed it. Obviously, it was delivered by act of both defendants with the intention that it be a joint obligation and for consideration as above determined. There was no impediment in such regard.

The trial court correctly determined that there was adequate consideration for the note as to the defendant Delwin A. Riske, and that Elizabeth Riske was an accommodation maker with liability upon her for the payment of the note.

*By the Court.*—Judgment affirmed.