MILES vs. OGDEN and another, imp.

*March 14 — April 5, 1882.*

PAYMENT. *(1) Application of payment. (2) Ratification of agent's act in accepting land as payment. (3) Debtor's services for creditor not a payment.*

1. R. held for collection a book account and also a note and mortgage against O. individually, and claims against O. and another as partners; and O. paid R. a sum in excess of said book account, to be applied on his individual indebtedness without further direction. *Held,* that R. was bound to apply the whole of said payment to O.'s individual debts then existing, and could not divert any part thereof to the payment of the firm debts, or of an indebtedness to be thereafter contracted by O.
2. When an agent, without authority, accepts a deed of land to his principal as a payment on a debt due the principal, a retention by the latter of the title is a ratification of the act.
3. Even where a creditor, who holds his debtor's note and mortgage, has become bound to pay for legal services rendered by the debtor, the value of such services cannot be set up as a *payment* in an action upon the securities, without proof of an express agreement, made by the creditor or with his authority, that the services should be treated as a payment.

APPEAL from the Circuit Court for *Waupaca* County.

On the 22d of November, 1873, the defendant *Ogden* was indebted to one R. R. Roberts upon a store account in the sum of about $1,300, to secure the payment of which, together with about $700 thereafter to be advanced to him by R. R. Roberts, *Ogden* executed the note and mortgage in suit, for $2,000, on that day, and the same were taken by R. R. Roberts in the name of his daughter, *Mrs. Miles,* the mortgagee and the plaintiff in this action; and the amount of the note and mortgage was credited at the time on the store books and in the account of R. R. Roberts against *Ogden.* Two days after the execution and delivery of the note and mortgage, R. R. Roberts died, and thereupon the advances stipulated for were made by R. N. Roberts, a son of the deceased and a brother of the plaintiff, apparently out of the estate.

Upon the death of the father, R. N. Roberts became the business manager and administrator of his estate, and took and held the note and mortgage for collection as the agent of the plaintiff. Nothing had been paid thereon up to January 12, 1875, when *Ogden* was indebted to the estate on open account in the sum of $357.37, and the firm of Walsh & Ogden, of which he was a member, was also indebted to the estate upon current account over $3,500; and the same firm was also indebted to R. N. Roberts, upon a bond mutually executed by the parties, over $5,000.

On the 12th of January, 1875, *Ogden* paid to R. N. Roberts $1,200, to be applied by him upon the indebtedness of *Ogden,* but without any direction as to the particular debt upon which the same was to be so applied. The circuit court applied $357.37 of said $1,200 in payment of *Ogden's* individual indebtedness at the store, to the estate, which was all that had then been incurred, and the balance thereof, to wit, $842.63, upon the note and mortgage in suit, which was the only other individual indebtedness of *Ogden* then held by R. N. Roberts. The court also found that *Ogden* had paid on the note and mortgage the following amounts at the following dates: May 16, 1875, $200; March 16, 1876, $100; April 25, 1876, $100; April 26, 1877, $50; May 1, 1878, $350; January 3, 1879, $10; and January 17, 1879, $433.53, being the amount of his charges for his services as an attorney, rendered at the request of Roberts; and, as a conclusion of law, it held that the plaintiff was entitled to a judgment of foreclosure and sale for the balance found due on the note and mortgage, viz., for $716.78, with interest thereon at ten per cent. from November 9, 1880, and also for costs of the suit, including $30 as solicitor's fee. From a judgment entered accordingly, the plaintiff appealed.

For the appellant there was a brief by *Myron Reed,* her attorney, and a separate brief by *Gregory & Gregory,* of counsel, and oral argument by *Mr. Reed* and *C. N. Gregory.* They contended, among other things, that Roberts had no

right to receive, in payment of the note and mortgage belonging to *Mrs. Miles*, anything but money or what passes for money. Story on Agency, §§ 98, 99, and note 4, and cases cited; *Sweeting v. Pearce*, 7 C. B. (N. S.), 449–485; *S. C.*, 9 id., 534; *Ward v. Evans*, 2 Ld. Ray., 930; Salkeld, 542; *Rodgers v. Bass*, 46 Tex., 505; *Drain v. Doggett*, 41 Iowa, 682; *Mumford v. Armstrong*, 4 Cow., 553. If anything else than money is received by the agent, the principal is merely required to inform the debtor within a reasonable period after the transaction is brought to his knowledge, that he refuses to sanction it. *Ward v. Smith*, 7 Wall., 447. Charges for legal services performed at the request of Mr. Roberts, even for the plaintiff herself, were not in any legal sense a discharge of the money obligation to her, though they might constitute an offset to her demand. 39 Wis., 300.

For the respondent there was a brief by *C. S. Ogden*, in person, and oral argument by *Mr. Ogden* and *B. W. Jones*.

CASSODAY, J. One ground urged for reversal is, that no part of the $1,200 should have been applied as payment upon the note and mortgage, but should have been applied by the court as R. N. Roberts had credited it; that is, $200 on the bond given by Walsh & Ogden, and $1,000 to the credit of *Ogden's* individual account at the store, notwithstanding he was only indebted thereon at the time in the sum of $357.37. But the court found as a matter of fact that *Ogden* paid the whole $1,200 to be applied upon his individual indebtedness, and to that finding there is no exception, further than as to the time when the payment was made. We are not, however, disposed to sustain the exception, and hence that finding must stand as though no exception had been taken to it. This being so, R. N. Roberts was obliged to apply the whole payment upon *Ogden's* individual indebtedness then existing. As there was no specific direction to apply it all upon the note and mortgage, he had the legal right to apply enough of it to *Ogden's*

individual store account to cancel the same; but the balance he was obliged to apply *then* upon the only other existing indebtedness which he then held against *Ogden* personally, to wit, the note and mortgage in question.

We are not aware of any principle of law which would authorize R. N. Roberts, after receiving the $1,200 with such directions, to apply any portion of it on the bond given by Walsh & Ogden, or to withhold any portion of it to be applied upon a debt thereafter to be contracted — an account thereafter to be traded out at the store. With such directions, he was bound to apply it to a debt or debts existing at the time the payment was made, and had no authority to hold it as security for a debt thereafter to be incurred. The authority of R. N. Roberts to bind the plaintiff, by accepting the $1,000 mortgage in lieu of cash, is not questioned. In fact, the finding is that *Ogden* paid him $1,200, without specifying that $1,000 of it was by way of mortgage; and no exception having been taken to the finding in this regard, it must stand as a verity. The exceptions raise the question of the authority of R. N. Roberts to bind the plaintiff by receiving a deed of certain lands running to her, and allowing therefor $350 as a payment on the note and mortgage. But if the plaintiff desired to repudiate the agency of her brother in that regard, she should have reconveyed the property as soon as it came to her knowledge. Certainly she cannot retain the title so conveyed to her, and at the same time repudiate the agency by which she acquired it. *Ballston Spa Bank v. Marine Bank*, 16 Wis., 120; *Paine v. Wilcox*, 16 Wis., 202; *Wellauer v. Fellows*, 48 Wis., 105; *Elwell v. Chamberlain*, 31 N. Y., 619.

The answer alleges certain payments, but nothing is set up by way of counterclaim or set-off. The court allowed as payment on the note and mortgage, under date of January 17, 1879, $433.43, for certain services rendered by *Ogden* as attorney under an agreement with R. N. Roberts. The plaintiff denies the authority of R. N. Roberts to cancel any portion of

her note and mortgage by way of paying for services rendered to her brother, or for her father's estate; and a reversal is urged because such allowance was made. Notwithstanding the entire business seems to have been under the control and management of R. N. Roberts, yet we are inclined to think that plaintiff cannot be bound by such deduction or application without her assent, expressed or implied, and we fail to find anything in the record indicating that she gave such assent. This abundantly appears from the authorities cited by counsel for the appellant. In so far, however, as *Ogden* rendered services as attorney in suits or business of the plaintiff personally, she would probably be bound to pay him, notwithstanding the business was transacted at the instance of her brother as her agent. But even services so rendered for the plaintiff cannot be treated as payments without an express agreement to that effect, made by the plaintiff or with her authority. With this view of the case, we think the plaintiff is entitled to recover $980.66, with interest thereon at ten per cent. from May 1, 1878, but without prejudice to any claim the defendant may have for services and disbursements as attorney for the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment of foreclosure and sale in favor of the plaintiff in accordance with this opinion.