SHEA, Respondent, vs. NATIONAL BANK OF DE PERE, imp., Appellant.

*September 15—October 10, 1933.*

For the appellant there was a brief by *North, Parker, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *Frederick N. Trowbridge* and *J. R. North.*

For the respondent there was a brief by *Martin & Martin,* and oral argument by *Joseph Martin* and *Alex Wilmer,* all of Green Bay.

Rosenberry, C. J. The first contention of the defendant bank is that the evidence does not sustain the finding of the court that there was in fact an oral guaranty of payment and that the finding of the court in that respect is against the great weight and clear preponderance of the evidence; second, that the note having been indorsed, the contract thereby entered into related to the liability of the indorsing bank and that oral evidence is not admissible to vary the terms of that contract by showing that there was in fact an oral guaranty of payment. In view of the fact that it is considered that oral evidence was not properly received to vary, modify, or contradict the contract made by the indorsement of the note in question, we shall not consider whether the finding of the court that there was in fact an oral guaranty of payment made contemporaneously with the indorsement is sustained.

The precise question involved here was considered in *Palmersheim v. Hertel,* 179 Wis. 291, 295, 191 N. W. 567. It was there said that there were two lines of authority; that in some jurisdictions it was held that a blank indorsement was only *prima facie* evidence of the contract and that the law does not imply a contract where an express contract has been made; in other jurisdictions it was held that the indorsement was a written contract. The court there deliberately chose to follow the rule of those jurisdictions which hold that the written indorsement must be held to express the contract entered into between the parties and that it may not be varied by evidence of a contemporaneous parol agreement. We adhere to the doctrine there laid down. It is necessary in the transaction of business that there be some definiteness and certainty with respect to the rights of parties to negotiable instruments.

On behalf of the plaintiff it is contended that the evidence with respect to the oral guaranty of payment does not vary or modify the contract of indorsement and that under the

doctrine laid down in *Danielson v. Bank of Scandinavia,* 201 Wis. 392, 230 N. W. 83, evidence thereof was admissible under the pleading in this case. It is there said:

"In numerous Wisconsin cases it has been held that where applied to the subject matter with which the contract deals or where it appears from the surrounding facts and circumstances that the writing was not an integration of the entire transaction and was not intended by the parties to be such, parol evidence may be received to establish that part of the transaction which was permitted by the parties to remain in parol."

The facts in this case afford an excellent illustration of the circumstances under which parol evidence is admissible. Parol evidence is not admissible to show that the contract of indorsement by which the indorser engages that he will pay the note to the holder if the maker fails to do so, provided it is presented for payment and due notice of nonpayment is given to the indorser, was in fact an agreement that the defendant should guarantee payment of the note, in which event notice of non-payment would not be required. That the contract of guaranty, if it be established, modifies the contract of indorsement, is perfectly apparent. Having made a written contract by the terms of which it agreed to pay the note if it was presented and notice of non-payment given, evidence is not admissible to show that the contract was one by which the defendant engaged to pay the note in any event. In this very case it was proper for the plaintiff to show, if permissible under the pleadings, that the defendant entered into a separate and distinct contract, by the terms of which it agreed to buy back the securities at any time when it was requested so to do by the plaintiff. No part of the contract to repurchase was written or attempted to be written by the parties. It in no way involved presentment for payment or notice of non-payment. It was a separate and independent agreement, no part of which appears by the writings entered into.

The proposition that the indorsement was made merely for the purpose of passing title to the note is also unsound. When one party indorses a note to another, under the law of this state there is a written contract entered into between the parties. The legal effect of that transaction is determined by the law of negotiable instruments and its legal effect cannot be varied or modified by evidence of a contemporaneous parol agreement.

But it is urged that if the evidence was not admissible to show a contract of guaranty, nevertheless the defendant was liable as an indorser. The amended complaint contained the following allegation:

"7½. That at maturity said note was duly presented for payment at the office of the defendant, the National Bank of De Pere, and payment thereof demanded, but was not paid."

In its formal findings the court found, in addition to other matters, "That all the allegations of the complaint excepting paragraph 7½ are proven and true."

In its second opinion the court said:

"Plaintiff now seeks to hold the bank as indorser. The court is satisfied plaintiff's purpose in presenting the note was for the purpose of having the bank take it back under its oral guaranty.

"It never was presented to the bank for the purpose of holding it liable as an indorser. Plaintiff brought it to the bank six months before it was due, on the due date, or immediately afterward, always with the idea that the bank, under its guaranty, would take it back. This is insufficient as a presentment for payment at the bank, in order to hold the indorser."

The testimony of Mrs. Shea that she presented the note for payment on its due date was emphatically denied by the cashier to whom she testified the note was in fact presented. He testified and supported his testimony by memoranda that it was presented on August 21st and not on August 19th,

when it was due. The court having found against the contention of the plaintiff that the note was presented for payment and the plaintiff having served no notice of review, no question with respect to the liability of the defendant as indorser arises upon this record. *Broadway-Wisconsin Inv. Co. v. Sentinel Co.* 192 Wis. 338, 212 N. W. 646. In any case there was a square conflict in the testimony, which was resolved by the court in favor of the defendant.

It is conceded that in this action to foreclose the mortgage, plaintiff will not be entitled to judgment for deficiency against the defendant bank unless it can establish its claim of guaranty of payment, and that if the contract, instead of being one of guaranty of payment, was a contract to buy back, the plaintiff's remedy cannot be enforced in this foreclosure action. *Stellmacher v. Union Mortgage Loan Co.* 195 Wis. 635, 219 N. W. 343.

*By the Court.*—That part of the judgment appealed from is reversed, and cause remanded with directions to set aside the judgment so far as it adjudges personal liability against the defendant bank.