T. F. PAGEL LUMBER COMPANY, Appellant, vs. WEBSTER, Administrator, Respondent.

*January 10—May 9, 1939.*

*George H. Moeller* of Milwaukee, for the appellant.
*Martin J. Brennan* of Milwaukee, for the respondent.

FAIRCHILD, J.   This action is to recover upon a note given by Theodore F. Pagel, the defendant, to the T. F. Pagel Lumber Company, a concern which he founded and for many years actively managed.   In recent years, although Pagel has retained a controlling interest in the stock of the company, its affairs have been managed by other members of his family and particularly by his son, Ray T. Pagel.   While he was actively managing the company, Pagel drew heavily upon the

resources of the company, regarding himself as a sole trader. In 1933 he found it necessary, in order to satisfy creditors of the company, to give a note for what he owed the corporation on book accounts. A renewal of that note is the subject matter of the present action, and to secure its payment the company has attached Pagel's stock.

Two questions are presented: (1) Does the answer of Pagel state a defense? (2) Does the counterclaim state a good cause of action? If neither question may be answered in the affirmative, the motion for summary judgment should have been granted. We shall first discuss matters alleged by way of defense.

Pagel alleges that a part of the debt covered by the note was a debt of his wife. Assuming this allegation to be true, it is no defense, because if Pagel gave his note in order to close his wife's account, he is bound as though he gave the note only for his own debt. In his brief Pagel admits that the Pagel home was built with corporate funds, and he urges that he is not trying to "evade his just obligation," so that there can be no doubt that the note represents his debt.

The allegations tending to show that Pagel signed the note under duress do not establish the necessary elements. They show only such coercion as occurs when creditors demand a more satisfactory evidence of a debt. Threats to do what the threatening person has a legal right to do, do not constitute duress. *York v. Hinkle* (1891), 80 Wis. 624, 50 N. W. 895. There is nothing to indicate that the representation that the bank was about to close the company unless Pagel signed the note was false or misleading as to a present fact. The elements of fraud are not present, any more than the elements of duress.

Another matter alleged in defense is that when Pagel executed the note the company promised not to enforce it. If such an agreement was made at the time, under the parol-evidence rule it could not have been shown to defeat action

on the note. *Remington v. Detroit Dental Mfg. Co.* (1898) 101 Wis. 307, 77 N. W. 178; *Derbeck v. Albright* (1925), 186 Wis. 515, 203 N. W. 337; *Shea v. National Bank of De Pere* (1933), 212 Wis. 626, 250 N. W. 424. The contemporaneous oral agreement is therefore not a defense. Pagel alleges that there was a similar promise not to sue on the note when he resigned from the management in 1935. Such an agreement, made after execution of the note, could be shown, but if Pagel agreed to resign in consideration of a promise not to sue on his note, the contract was illegal and void because contrary to public policy. 13 Am. Jur. p. 869, § 888. See *Koelbel v. Tecktonius* (1938), 228 Wis. 317, 280 N. W. 305. Further, it appears that until Pagel made an effort to resume his official position, no action was taken to collect the note.

Pagel does not deny the allegations as to execution and delivery of the note. It must be concluded that there is no legal defense to the plaintiff's complaint, and that the plaintiff is entitled to summary judgment unless the counterclaim requires trial.

In the counterclaim it is alleged that although the defendant founded the company and made it possible for other members of his family to become stockholders, the persons who are now managing the company affairs are inconsiderate of the defendant and have caused him embarrassment. These allegations indicate a family dispute over the management of the company's affairs, but they do not present a genuine issue of fact to interfere with the plaintiff's right to a summary judgment. Even though, as the defendant alleges, other members of his family are attempting to make use of action on the note to prevent him from controlling the corporate affairs with his voting rights in the stock, that fact alone does not entitle him to a release of the stock from attachment. The fact that he might secure more for his stock by private sale than he will receive under execution does not help him.

In his affidavit Pagel says that he is "ready and willing to turn in sufficient shares of his capital stock to pay the note at the reasonable and fair value of said stock." He affirms that he has more than sufficient equity in the corporation to pay the note and leave him a substantial part of his holdings. But there was no effort on his part to secure release of the property as provided in sec. 266.16, Stats., or to secure a vacation or modification as provided in sec. 266.18. It is considered that the counterclaim does not state a cause of action and that the plaintiff's demurrer should have been sustained.

*By the Court.*—Orders reversed, and cause remanded with directions to grant judgment to plaintiff according to the demand of the complaint.