Randall, Appellant, vs. Beidle and wife, Respondents.

*November 5—December 2, 1941.*

286

For the appellant the cause was submitted on the briefs of *Walter T. Norlin* of Washburn.

*Elizabeth Hawkes* of Washburn, for the respondents.

FRITZ, J. The defendants and respondents, Max Beidle and wife, moved to dismiss this appeal on the ground that plaintiff's notice of appeal was not served prior to the expiration of six months after the entry of judgment. Whether the service thereof on June 26, 1941, was within that period depends upon whether judgment was, in fact, not entered until January 3, 1941, as plaintiff contends, or whether it was entered on December 16, 1940, as defendants contend. It appears that at the conclusion of the trial on December 10, 1940, the court expressed the intention to decide in favor of defendants but granted plaintiff's request for leave to file a brief for the court's consideration before entering judgment. The brief was mailed at Washburn by plaintiff's attorney on December 16, 1940, addressed to Judge RISJORD at Ashland but before it was received by him he had signed findings and a judgment dated December 16, 1940, which were prepared and submitted by defendants' attorney. Upon learning thereof,

plaintiff's attorney contacted Judge RISJORD, who informed him that the brief had been received after the papers were signed, but that the court would consider the matter as though no findings or judgment had been made in order to give consideration to the arguments in the brief; and on December 19, 1940, Judge RISJORD wrote the attorneys that—

"There seems to be some question about the submission of findings and judgment in the case of Randall v. Beidle, and I am holding the thing in the air until I have some time to go over the whole matter."

The court then held the matter open for consideration and concluded on January 3, 1941, to enter the judgment as originally drawn; and then returned the file for that purpose to the clerk of the circuit court at Washburn. On January 6, 1941, defendants' attorney served on plaintiff's attorney a notice of entry of judgment, wherein it was stated that judgment was entered on the 3d day of January, 1941. Upon a motion by plaintiff based on an affidavit stating the above facts, none of which were controverted at the hearing by any counteraffidavit, the court entered an order on June 30, 1941, which provided,—

"that the date of the judgment herein be and the same is hereby corrected to read January 3, 1941, instead of December 16, 1940, and to stand entered as so corrected."

In the absence of any proof in denial of the facts stated in the affidavit filed in support of plaintiff's motion to have the date of the judgment corrected,—all of which facts were evidently within the personal knowledge of the judge, and are in accord with the statement in defendants' notice of entry of judgment that it was entered on January 3, 1941,—there is no factual basis for this court to now hold otherwise than that the correct date of the entry of judgment is "January 3, 1941, instead of December 16, 1940," as determined and ordered by the trial court. Consequently, the appeal was per-

fected within the time prescribed by sec. 274.01, Stats.; and, therefore, defendants' motion to dismiss the appeal must be denied.

The action was brought by plaintiff, as administrator of the estate of Lawrence Beidle, against the defendants, Max Beidle and wife, to foreclose a mortgage given by defendants to secure a note dated November 24, 1931, by which defendants promised to pay $725 and interest to Lawrence Beidle, the father of Max Beidle. No cash payment was ever made on the principal or interest. But defendants alleged in their answer that before the loan was made, Max had agreed to do farm work for his father, for which he was to pay Max; that at the time of delivering the note it was agreed that the work performed prior thereto and to be performed thereafter was to be received in payment of the note; that in accordance with the terms of this agreement Max performed the work to the full amount due on the note; and that the services so performed were never deemed to be gratuitous, but were for the purpose of discharging the indebtedness under the note and mortgage. On the trial in December, 1940, there was testimony to establish that Max performed services for his father before and after giving of the note. By a supplemental finding made on June 16, 1941, pursuant to defendants' motion to have more specific findings, the court found that "Max Beidle did, after the execution of the note and mortgage, considerable labor . . . on his father's farm, at his father's request, . . . and that while there was no evidence of any definite agreement that the compensation for such labor was to apply on the note and mortgage, yet I find that to be the understanding between the father . . . and his son . . . and such labor was sufficient in amount and value to pay the note and mortgage." The court concluded that by such performance of work the son complied with the terms of the note and conditions of the mortgage; and that they have been fully satisfied and no cause of action exists in behalf of plaintiff. Judgment was entered accordingly and plaintiff appealed therefrom.

Plaintiff's principal contentions on this appeal are that there was no competent evidence to warrant or sustain findings and conclusions that there was ever an effective agreement or understanding between Lawrence Beidle and his son Max that the work performed by him was to constitute payment of the money which the defendants had agreed to pay by their promissory note. Their contentions must be sustained. There was no written evidence whatever as to any such agreement or arrangement. All prior or contemporaneous verbal agreements must be deemed merged in the written contract evidenced by the note and parol evidence of any such agreements is not admissible to vary or contradict the terms thereof. As the note upon its face calls for payment in specie, parol evidence to show a prior or contemporaneous agreement that it could be paid in any other manner would contravene its terms and therefore be incompetent. *Racine County Bank v. Keep,* 13 Wis. *209; *Steele v. Schricker,* 55 Wis. 134, 12 N. W. 396; *Hackley Nat. Bank v. Barry,* 139 Wis. 96, 120 N. W. 275.

The only testimony relied upon by defendants to support the court's findings and conclusions is the following testimony as to the verbal statements made subsequent to the execution of the note. Kate Beidle, the widow of Lawrence Beidle, testified,—in answering the question, "Did he [Lawrence Beidle] ever discuss with you the work that Max was performing on the farm?"—as follows : "He told me many times if Max can't get back the money he was down then he should work down." Robert Andrews testified that while he and Max Beidle were helping Lawrence Beidle do his work "the old man was telling me what a good boy Max was. He told me Max did not owe him anything, that Max had been always good to help him. . . . Max mentioned something about helping with the wood and he says 'My boy you have always been a good boy, you don't owe me nothing.' " And in answering the question "What did Max say to that?" Andrews testified : "Max never said anything. He just smiled

like he always done. Lawrence told me too, one time, that when he was dead Max would be all right, he would leave Max sitting pretty. . . ." In answer to questions put by the court, Max Beidle testified:

"*Q.* Did you ever ask your father to cancel this note or do anything with it at all? *A.* No.

"*Q.* Even after he had the stroke, you kind of let it drift? *A.* The only thing I can tell you is what he told me; I was going to pay him."

These ambiguous and indefinite verbal statements cannot be considered sufficient to establish that an effective contract was made between Lawrence Beidle and Max that, in lieu of his making payment in money of the $725, which were promised to be paid by the terms of the written note, the performance of work by Max for his father was to constitute payment thereof. In the absence of competent proof to establish the making and existence of an effective contract to accept services in lieu of the payment of the money promised by the note, proof of the value of services performed would not have sustained a plea of payment if interposed as a defense in this action on the note, because no payment thereof was made as required by its terms. Even if there had been competent proof to establish the performance of services under such circumstances as would have rendered Lawrence Beidle liable to Max for the value thereof, such value could not have been used by the defendants as a setoff against the note in the absence of a counterclaim based on Max's claim to recover for the services. *Dudley v. Stiles,* 32 Wis. 371, 374; *Miles v. Ogden,* 54 Wis. 573, 577, 12 N. W. 81.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings and the entry of judgment of foreclosure pursuant to the prayer of the complaint.