ZEZBLATT, Respondent, v. SAMPSON and others, Appellants.

*December 1, 1960—January 10, 1961.*

305

307

For the appellants there were briefs by *Gene Posner* and *Bendinger, Hayes & Kluwin,* attorneys, and *M. J. Levin* of counsel, all of Milwaukee, and oral argument by *Mr. Levin* and *Mr. Posner.*

For the respondent there was a brief by *Ray T. McCann* and *Leonard L. Loeb,* both of Milwaukee, and oral argument by *Mr. McCann.*

HALLOWS, J.   The appeal was argued on the basis that the material evidentiary facts were not in dispute. The defendants contended the documents executed on February 20, 1956, although separate, are to be construed as one contemporaneous agreement, and the guaranty of the individual defendants was effective only if the corporate defendant was liable to pay $150,000, and this liability was contingent upon the execution of the Penney lease. Because this lease was not secured through any fault of theirs, the rights of the parties are governed by the prior agreement of June, 1955, and not the contracts sued on.

The plaintiff contended the guaranty was unconditional and unconditioned, and if it was conditioned upon the liability of the corporate defendant to pay the $150,000, that liability exists because the defendants prevented the procurement of the Penney lease by their failure to furnish a necessary plat plan.

Before we reach the questions of law attempted to be raised on the motion for summary judgment, there must be no unresolved material questions of fact existing in the record. If there are, or if inferences must be drawn from the facts either to support or deny the application of the propositions of law advanced, this court cannot grant summary judgment. It is not the function of this court to resolve material questions of fact or to draw inferences which may be doubtful or uncertain, but to determine if such questions exist. The affidavits, both in support of and in opposition to the motion, contain—besides some evidentiary facts—arguments of counsel, conclusions of law, and interpretations of the various documents, all of which, other than the material evidentiary facts, must be disregarded. As the record now stands there exist questions of fact relating to the guaranty and particularly to the necessary plat plan. There may be other questions of fact, but the ones pointed out are of such importance and materiality they must be resolved by trial.

The rules governing the granting and denial of such motions, whether brought by the plaintiff or the defendant, have been the subject of many decisions in this court. In *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 277, 103 N. W. (2d) 9, we attempted to summarize some of them when we stated:

"The rule is well established in this state that when it is shown there is a substantial issue of fact, or when the evidence on a material issue is in conflict, or if the inferences to be drawn from credible evidence are doubtful and uncertain, the motion for summary judgment should be denied. Likewise, when there is credible evidence which under any reason-

able view will either support or admit of an inference in support or in denial of a claim of either party, it is for the jury to draw the proper inference and not for the court to determine which of two or more permissible inferences should prevail. *Elder v. Sage* (1950), 257 Wis. 214, 42 N. W. (2d) 919. We have often said that the power of the courts under the summary-judgment statute (sec. 270.635, 33 W. S. A., p. 309) is drastic and should be exercised only when it is plain there is no substantial issue of fact or of permissible inference from undisputed facts to be tried. *De Bonville v. Travelers Ins. Co.* (1959), 7 Wis. (2d) 255, 96 N. W. (2d) 509, 97 N. W. (2d) 392; *Ondrejka v. Ondrejka* (1958), 4 Wis. (2d) 277, 90 N. W. (2d) 615; *Braun v. Jewett* (1957), 1 Wis. (2d) 531, 85 N. W. (2d) 364; *Udovc v. Ross* (1954), 267 Wis. 182, 64 N. W. (2d) 747, 66 N. W. (2d) 200."

See also *Milwaukee County v. Milwaukee Yacht Club* (1950), 256 Wis. 475, 41 N. W. (2d) 372; *McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N. W. 370; *Laughnan v. Griffiths* (1955), 271 Wis. 247, 73 N. W. (2d) 587; *Home Savings Bank v. Bentley* (1958), 5 Wis. (2d) 19, 92 N. W. (2d) 377; *McChain v. Fond du Lac* (1959), 7 Wis. (2d) 286, 96 N. W. (2d) 607; *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. (2d) 238, 105 N. W. (2d) 305.

We find no error in the trial court's denial of the defendants' motion for summary judgment.

*By the Court.*—Order affirmed.