FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent,
v. FIRST MORTGAGE INVESTORS, Appellant.†

*No. 75-131. Submitted on briefs November 5, 1976.—
Decided February 15, 1977.*
(Also reported in 250 N. W. 2d 362.)

† Motion for rehearing denied, with costs, on April 25, 1977.

152

For the appellant the cause was submitted on the brief of *Godfrey & Kahn, S.C.* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bruce C. O'Neill* and *Cahill & Fox* of Milwaukee.

For the appellant a brief opposing motion for rehearing was filed by *Godfrey & Kahn, S. C.* of Milwaukee.

For the respondent a brief on motion for rehearing was filed by *Richard S. Gibbs, William J. French* and *Gibbs, Roper, Loots & Williams,* all of Milwaukee.

ABRAHAMSON, J.   This action arises out of a claim by American City Bank & Trust Company, N. A. (hereinafter referred to as the Bank)[1] for the unpaid balance of principal and interest allegedly due under a promissory note delivered May 22, 1974, and dated May 30, 1974, given by appellant, First Mortgage Investors, a real estate investment trust (hereinafter referred to as FMI).

[1] On October 21, 1975, the American City Bank & Trust Company, N. A., was formally declared insolvent and placed in receivership by the Comptroller of the Currency, and the Federal Deposit Insurance Corporation (FDIC) was appointed its Receiver to close the bank pursuant to 12 USC secs. 191 and 1821(c). By stipulation of the parties on December 23, 1975, the FDIC and its counsel was substituted for the Bank and its counsel in this action.

The promissory note purports to be payable on demand in the principal amount of $1,000,000; no interest is stated. The Bank moved for summary judgment. The proofs offered in support of and in opposition to the motion were affidavits by vice presidents of the Bank and FMI.

The parties agree that they entered into agreements at about the time of the execution of the note relating to interest rate, compensating balance arrangements and prepaid interest and that these matters are not incorporated in the terms of the note. FMI asserts that the parties agreed that the Bank would carry its loan to FMI as long as FMI paid interest due thereon on a current basis or until such time as FMI was able to repay various banks participating in a revolving credit agreement with FMI. The affidavit of the Bank's vice president states that he reviewed all written material in the Bank's possession or control relating to the FMI "and has not found any reference to any of the alleged representations" relating to the extension or repayment of the note. The trial court ordered summary judgment in favor of the Bank in the amount of $850,311.11 (principal and interest due and owing) with interest and costs. The order granting judgment recites that the court "determined that the evidence of an oral agreement as offered by the defendant to be both barred by the parol evidence rule and insufficient to establish a contract." It is from this judgment that FMI appeals.

The issue presented on appeal is whether the trial court erred in granting the Bank's motion for summary judgment pursuant to sec. 270.635 (2), Stats.[2] Summary

---

[2] "The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment; and, if on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or

judgment is a drastic remedy and should be used only when there is no substantial issue of fact to be tried.[3] *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.*, 229 Wis. 348, 281 N.W. 697 (1938); *Marcos v. Whiting*, 244 Wis. 621, 12 N.W.2d 926 (1944); *Foryan v. Fireman's Fund Ins. Co.*, 27 Wis.2d 133, 133 N.W.2d 724 (1965). When

defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that there is no defense to the action or that the action has no merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial." Sec. 270.635(2), Stats.

[3] This court in *Marshall v. Miles*, 54 Wis.2d 155, 160, 161, 194 N.W.2d 630 (1972), set forth the methodology to be used by trial courts to determine whether the case is an appropriate one for disposition by summary judgment:

"The summary-judgment procedure initially requires an examination of the pleadings to determine whether a cause of action has been stated and whether material issues of fact are presented. *Younger v. Rosenow Paper & Supply Co.* (1971), 51 Wis.2d 619, 188 N.W.2d 507. However, the allegations of the pleadings may not be considered as evidence or other proof on a disposition of the motion. *Milwaukee County v. Schmidt* (1968), 38 Wis.2d 131, 156 N.W.2d 493; *McCluskey v. Thranow* (1966), 31 Wis.2d 245, 142 N.W.2d 787. Assuming a cause of action and the existence of factual issues, an examination is then made of the moving party's (defendant's) affidavits and other proof to determine whether a prima facie defense has been established. *Cirillo v. Milwaukee* (1967), 34 Wis.2d 705, 150 N.W.2d 460. If the moving party has made a prima facie case for summary judgment, an examination is then made of the opposing party's (plaintiff's) affidavit and other proof to determine whether there exists disputed material facts, or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle the opposing party to a trial. *Skyline Construction, Inc. v. Sentry Realty, Inc.* (1966), 31 Wis.2d 1, 141 N.W.2d 909. The summary-judgment procedure is not a trial on affidavits. *Jahns v. Milwaukee Mut. Ins. Co.* (1968), 37 Wis.2d 524, 530, 155 N.W.2d 674:

"'. . . A party opposing summary judgment defeats the motion if he shows by affidavits, or other proof, that there are substantial issues of fact or reasonable inferences which can be drawn from the evidence. The court does not try the issues but decides on

there are substantial issues of fact to be determined or when there are permissible inferences from undisputed facts that would permit a different result, summary judgment should not be granted. *Elder v. Sage,* 257 Wis. 214, 42 N.W.2d 919 (1950); *Voysey v. Labisky,* 10 Wis.2d 274, 103 N.W.2d 9 (1960); *Fjeseth v. New York Life Ins. Co.,* 14 Wis.2d 230, 111 N.W.2d 85 (1961); *Frew v. Dupons Construction Co.,* 37 Wis.2d 676, 155 N.W.2d 595 (1968).

Following the methodology set forth by this court, the trial judge initially examines the pleadings. The plaintiff's amended complaint shows a cause of action and the defendant's answer shows the presence of a material fact issue, namely, the existence of an oral agreement relating to the date of the loan repayment. The affidavits submitted by the Bank in support of its motion make out a proper case for summary judgment. FMI's affidavit and other proof indicate a factual issue of whether the note is an integrated writing and whether an oral agreement exists. Thus it is apparent from the pleadings and the affidavits that there is a dispute as to just what the parties agreed to during the negotiations for the loan. However, the Bank urges that the parol evidence rule prevents the admission of FMI's evidence bearing on the oral agreement as to the date of repayment and that therefore summary judgment was properly granted because no issue of fact remained to be determined.[4]

---

summary judgment whether there is a substantial issue to be tried. . . .' "

*See also Kavon Enterprises v. American Universal Ins. Co.,* 74 Wis.2d 53, 56, 57, 245 N.W.2d 695, 697 (1976).

[4] Where the only evidence creating a factual dispute in opposition to a motion for summary judgment is an oral agreement which cannot be proved because of the parol evidence rule, no genuine factual dispute exists and summary judgment should be granted. *See Matthew v. American Family Mut. Ins. Co.,* 54 Wis.2d 336, 195 N.W.2d 611 (1972); *T. F. Pagel Lumber Co. v. Webster,* 231 Wis. 222, 226, 285 N.W. 739 (1939).

The parol evidence rule is a rule of substantive law and not a rule of evidence,[5] and can be stated as follows: When the parties to a contract embody their agreement in writing and intend the writing to be the final expression of their agreement, the terms of the writing may not be varied or contradicted by evidence of any prior written or oral agreement in the absence of fraud, duress, or mutual mistake.[6] Although the parol evidence rule thus stated appears simple and makes good sense—the final agreement of the parties supersedes earlier negotiations—it "is in fact a maze of conflicting tests, subrules and exceptions adversely affecting both the counseling of clients and the litigation process."[7] The rule has survived because it is thought to preserve the integrity and reliability of written contracts, to reduce the opportunity for perjury and to prevent unsophisticated jurors from being misled by false or conflicting testimony. However, the rule has been criticized. Several writers have commented that there are few subjects in the law seemingly as indefinite and uncertain of application as the so-called rule of integration or merger of prior or contemporaneous negotiations. The rule causes injustices because it

[5] *Conrad Milwaukee Corp. v. Wasilewski*, 30 Wis.2d 481, 488, 141 N.W.2d 240 (1966).

[6] 3 *Corbin on Contracts*, sec. 573 (1960); Restatement of Contracts (Second), secs. 235–243 (Tent. Draft 1973); 4 *Williston on Contracts*, sec. 631 (3d ed. Jaeger 1961); 9 Wigmore on Evidence, sec. 2425 (3d ed. 1940). *Cf.* secs. 402.202, 403.119, Stats.

If the contract is "an integrated contract where the defendant and plaintiff unambiguously agreed that it would be the final, complete, inclusive and conclusive expression of the parties . . . the parol evidence rule precludes the introduction into evidence of any contemporaneous or prior agreements, written or oral, which relate to the same subject matter as the agreement in question." *Matthew v. American Family Mut. Ins. Co.*, 54 Wis.2d 336, 341, 342, 195 N.W.2d 611 (1972).

[7] Sweet, *Contract Making and Parol Evidence: Diagnosis and Treatment of a Sick Rule*, 53 Corn. L. Rev. 1036 (1968).

allows a party to avoid a legal obligation which he accepted during the negotiation process.[8]

The real question when a party invokes the parol evidence rule is whether the parties intended the written agreement to be final and complete or "integrated" or whether they intended any prior agreements to be part of their total agreement. In cases where the writing is incomplete in that only part of the agreement has been reduced to writing, this court has recognized the doctrine of "partial integration," that is the parties reduced some provisions to written form and left others unwritten.

"[W]hen a writing is shown to be only a partial integration of the agreement reached by the parties, it is proper to consider parol evidence which establishes the full agreement, subject to the limitation that such parol evidence does not conflict with the part that has been integrated in writing." *Morn v. Schalk*, 14 Wis.2d 307, 314, 111 N.W.2d 80 (1961).[9]

---

[8] For a discussion of the parol evidence rule *see* Sweet, *supra,* note 7; Calamari and Perillo, *A Plea for a Uniform Parol Evidence Rule and Principles of Contract Interpretation*, 42 Ind. L.J. 333 (1967); Note, *The Parol Evidence Rule: Is It Necessary?* 44 N.Y.U.L. Rev. 972 (1969); Murray, *The Parol Evidence Rule: A Clarification*, 4 Duquesne L. Rev. 337 (1966); Murray, *The Parol Evidence Process and Standardized Agreements Under The Restatement (Second) of Contracts*, 123 U. of Pa. L. Rev. 1342, 1346 (1975); Note, *Chief Justice Traynor and the Parol Evidence Rule,* 22 Stan. L. Rev. 547, 561–563 (1970); Case Comment, *Tests of Contractual Integration*, 25 Wash. & Lee L. Rev. 265 (1968); *Green River Valley Foundation, Inc. v. Foster,* 78 Wash.2d 245, 473 P.2d 844, 851–852 (1970).

It is generally agreed that Professor Corbin did not believe the parol evidence rule served a useful purpose and thought it ought to be abolished. 47 ALI Proceedings 476 (1970); 48 ALI Proceedings 442 (1971).

[9] For a discussion of the doctrine of partial integration see *Scarne's Challenge, Inc. v. M.D. Orum Co.,* 267 Wis. 134, 140–144, 64 N.W.2d 836 (1954); 3 Corbin on Contracts, sec. 581 (1960);

Parol evidence is always admissible with respect to the issue of integration, that is, parol evidence is admissible to show whether the parties intended to assent to the writing as the final and complete (or partial) statement of their agreement. *Danielson v. Bank of Scandinavia*, 201 Wis. 392, 398, 230 N.W. 83 (1930); *Scarne's Challenge, Inc. v. M.D. Orum Co.*, 267 Wis. 134, 142, 64 N.W.2d 836 (1954); *Touchett v. E Z Paintr Corp.*, 268 Wis. 635, 643, 68 N.W.2d 442 (1955); *Johnson Hill's Press v. Nasco Industries*, 33 Wis.2d 545, 550, 148 N.W.2d 9 (1967); Restatement of Contracts (Second), secs. 235(2), 240 (Tent. Draft 1973).[10]

It is generally recognized that notes are not fully integrated documents. Parties to negotiable paper do not usually reduce the whole agreement into one writing because they wish to retain the features of a negotiable

9 Wigmore on Evidence, sec. 2430 (3d ed. 1940); 4 Williston on Contracts, sec. 636, p. 1035 (3d ed. Jaeger 1961).

Corbin's criticism of the doctrine of partial integration has merit.

"We need not dissent from such a statement [of the doctrine of partial integration] if the parties have in fact assented to such a partial integration and have drawn such clear boundaries around the terms with which the writing deals that the court can determine what it is that the writing is intended to supersede. It should be observed, however, that when an agreement is partly written and partly oral, the oral part must nearly always have some effect upon the interpretation, application and legal operation of the part that is in writing. To this extent, at least, the partial integration does not prevent its own variation by extrinsic evidence. In such cases as these, the court should be slow to find that the parties have actually assented to the partial writing as a superseding document that supplants anything. It may indeed, even though partial, have great evidential weight as to the terms of agreement; but after establishing the fact that there is no complete integration of the entire agreement, it must seem unlikely that the parties intended the partial writing to be conclusive as to anything. It is believed that the term 'partial integration' should be abandoned altogether." 3 Corbin on Contracts, sec. 581, p. 441 (1960).

[10] *See Matthew v. American Family Mut. Ins. Co.*, 54 Wis.2d 336, 341, 195 N.W.2d 611 (1972), where the agreement included an "Integration Clause" and the court treated the contract as a final, complete, inclusive and conclusive expression of the parties.

instrument. 4 *Williston on Contracts, sec.* 644 (3d ed. Jaeger 1961) ; *Borden, Inc. v. Brower,* 284 N.C. 54, 199 S.E.2d 414, 419 (1973). A writing to be a negotiable instrument must be signed by the maker, contain an unconditional promise to pay a sum certain and no other promise except as authorized by this law, be payable on demand or at a definite time, and be payable to order or to bearer. Sec. 403.104, Stats. The alleged agreement as to the time of payment would probably have made the note non-negotiable.

Several cases (including some in Wisconsin) appear to view a note as a partial integration and have held that the writing is the final embodiment of the terms contained therein, and these terms cannot be contradicted by prior agreement.[11] This court has said that where a demand note is involved, the parol evidence rule prohibits introduction of an agreement prior to the signing of the note to extend the time of payment because such an agreement tends to vary the terms of the note. *London & Lancashire Indemnity Co. v. Allen,* 272 Wis. 75, 78, 74 N.W.2d 793 (1956) ; *Perry v. Riske,* 2 Wis.2d 377,

[11] *See Brown v. Jones,* 139 P.2d 186, 187 (Okla. 1943) ; *Schekter v. Michael,* 184 So.2d 641 (Fla 1966) ; *Foreman v. Melrod,* 257 Md. 435, 263 A.2d 559 (1970) ; *Coast Bank v. Holmes,* 19 Cal. App. 3d 581, 97 Cal. Rptr. 30, 34 (1971) ; *Hull v. Brandywine,* 121 F. Supp. 108 (D. Del. 1954) ; *Borden, Inc. v. Brower,* 284 N.C. 54, 199 S.E.2d 414 (1973) ; Annot., *Admissibility of parol evidence to show that a bill or note was conditional, or given for a special purpose,* 20 A.L.R. 421, 471–475 (1922).

"The promissory note which is the basis of appellee's suit is regular on its face, is unambiguous in its terms and is an unconditional promise to pay on demand. . . . [A]ppellant seeks to vary the terms of the note by showing that the unambiguous terms of the instrument do not express the true agreement of the parties *as to payment.* . . . [A] parol condition affecting payment of a delivered instrument is not enforceable if it operates to add to, take from, or vary the terms of the written agreement." *Fisher v. Howard,* 389 S.W.2d 482, 485 (Tex. 1965).

*Cf.* Restatement of Contracts (Second), sec. 241 (Tent. Draft 1973).

382, 384, 86 N.W.2d 429 (1957).[12] On the other hand, other cases have permitted proof of a prior oral agreement between the parties in an action between the

[12] "A few additional facts seem pertinent in connection with the plaintiff's motion for summary judgment. The defendant in his affidavit opposing the motion for summary judgment says:

" 'When said $60,000 and $30,000 were borrowed, and when the notes were subsequently renewed, it was agreed between affiant and plaintiff's president that affiant could pay said notes at any time, regardless of their maturity.'

"No such fact is alleged in the answer or either counterclaim. If we assume such agreement was made, the effect would be to vary the terms of the notes which are absolute on their face. No evidence of a verbal agreement made at any time or prior thereto qualifying the terms of the notes can be admitted or considered in evidence." *First Wisconsin Natl. Bank v. Pierce,* 227 Wis. 581, 596, 278 N.W. 451 (1938).

A contemporaneous agreement not to enforce a note cannot be shown under the parol-evidence rule. *T. F. Pagel Lumber Co. v. Webster,* 231 Wis. 222, 225, 285 N.W. 739 (1939).

"All prior or contemporaneous verbal agreements must be deemed merged in the written contract evidenced by the note and parol evidence of any such agreements is not admissible to vary or contradict the terms thereof." *Randall v. Beidle,* 239 Wis. 285, 289, 1 N.W.2d 71 (1941).

*Compare, Borg v. Fain,* 260 Wis. 190, 50 N.W.2d 387, 51 N.W.2d 361 (1951), in which the plaintiff sues defendant to foreclose on stock certificates alleged to have been deposited with plaintiff as security for promissory notes. The notes did not contain any mention of security. The answer admitted the execution of the notes and the deposit of the stock certificates as security and asserted an oral agreement that payment of the notes would be from the dividends and that no demand for payment other than from the dividends would be made during the lifetime of the parties. The court held that the motion for summary judgment should be denied. The court held that to permit the plaintiff to give his version of a part of the arrangement gathered from conversation between the parties and to deny the defendant the privilege of giving his version of the oral arrangement would be unfair. The court said the case should be considered only in connection with the facts there involved and that it was in fact disposing of the question on the doctrine of waiver.

The formulation "vary" or "contradict" has been criticized upon the analytic ground that every attempt to prove parol in a lawsuit

parties upon a negotiable instrument. In *Gulf States Finance Corp. v. Airline Auto. Sales, Inc.*, 248 La. 591, 181 So.2d 36 (1965), the court admitted evidence of an oral "floor-planning agreement," which embodied trade custom, despite the plaintiff's averment that the notes and mortgages on the defendants' cars constituted the parties' complete agreement.

" '. . . Many of the exceptions to the parol evidence rule are quite as well settled as the general rule and require only a mere statement. It may not be contended for example, that, *as between the parties to an instrument* parol evidence is incompetent . . . *to show that the writing is only a part of an entire oral contract between the parties.'* . . .

" . . .

"If the contention of the defendants is correct, and they are not permitted to show, if they can, that by their execution and delivery to plaintiff of the promissory notes forming the basis of this suit they were performing an obligation in accordance with their oral agreement that induced them to execute the notes, it would not only cause a grave injustice, resulting in irreparable injury to defendants, but would, in fact, perpetrate a fraud upon them. Under these circumstances, we think this case fully justifies the invocation of the exception to the parol evidence rule above discussed." 248 La. at 598, 599, 602, 181 So.2d at 38, 40. (Emphasis in original.)

varies the writing—otherwise the parol would not be offered. Even when the concept that the written instrument cannot be contradicted is accepted, that which is deemed inconsistent or contradictory has been subject to varied interpretation. In *Masterson v. Sine*, 68 Cal.2d 222, 436 P.2d 561, 65 Cal. Rptr. 545 (1968), a deed granted an unrestricted option, and a long line of judicial authority had held that unless expressly restricted an option is freely transferable. Yet the court admitted evidence to show the parties intended that the option be personal and non-assignable. Chief Justice Traynor said that no evidence contradicting the written instrument would be admitted, but the fact that he found no contradiction suggests that this limitation was narrowly applied. Note, 22 Stanf. L. Rev. 547, 561 (1970).

Slightly different but no less applicable reasons supported the admission of parol evidence in *Birsner v. Bolles,* 20 Cal. App.3d 635, 97 Cal. Rptr. 846 (1971), where the court observed:

"The comment accompanying section 240(1)(b) of the Restatement (at p. 337) explains that although in most cases when parties incorporate an agreement in a writing, it is a reasonable assumption that everything included in the bargain is set down in writing, there are instances where it is so natural to make a separate agreement, frequently oral, in regard to the same subject matter, that the parol evidence rule does not deny the effect to the collateral agreement. The comment continues at p. 338: 'This situation is especially likely to arise when the writing is of a formal character and does not so readily lend itself to the inclusion of the whole agreement as a writing which is not limited by law or custom to a particular form. Thus, agreements collateral to a negotiable instrument if incorporated in it might destroy its negotiability, and in any event would deprive it of the simplicity of form characteristic of negotiable paper.' " 20 Cal. App.3d at 638, 97 Cal. Rptr. at 847, 848. (Footnotes omitted.)

Two more recent cases of this court discussing the parol evidence rule must be examined to complete a discussion of the rule.

In *Johnson Hill's Press v. Nasco Industries,* 33 Wis.2d 545, 550–552, 148 N.W.2d 9 (1967) there was an agreement relating to addressograph plates, and the issue before the court was whether under the agreement title to the plates was transferred to Nasco. This court approved the trial judge's hearing testimony as to the nature of the writing (an invoice) and the intent of the parties, saying:

"Before the parol-evidence rule becomes applicable the parties must intend that the written document (in this case, the invoice) represents an integration of their prior agreement. Parol evidence is always admissible with respect to the issue of integration . . . .

". . .

"We conclude that there was no violation of the parol-evidence rule in admitting evidence which conflicted with

the word 'plates' in the invoice since proof is lacking on the integration issue. . . ."

In *Bunbury v. Krauss,* 41 Wis.2d 522, 529–531, 164 N.W.2d 473 (1969), the parties had executed a land contract providing for payment of $217.50 per month. In the foreclosure action, the buyer attempted to show that the parties had orally agreed in negotiations that the monthly payment would be $175. This court held that the trial judge should hear parol evidence to determine whether the writing was assented to as the complete and accurate "integration" of the contract. The parol evidence could be used as evidence on the question whether there was an agreement on the disputed terms and also as evidence of a separate and partially oral contract that was arrived at as a consequence of the negotiations.

Thus our court has clearly held that parol evidence can be introduced where the inquiry concerns whether a document was intended to be the final, complete or partial, integrated agreement of the parties.

This is an action between the original parties to the note.[13] Here the note lacked a term which is generally found in a negotiable instrument, namely the interest rate. Also the parties agreed that there was an unwritten agreement that FMI keep a compensating balance on deposit in the Bank. Since a note generally is not a totally integrated contract, and the parties here agreed the note did not contain reference to two agreed-upon provisions—interest and collateral—the trial court erred in not taking evidence to determine if the parties actually assented to the note—admittedly only part of the agreement—as a superseding document. An issue of fact thus exists—upon which parol evidence can be introduced—as to whether the note was intended as a partial integra-

[13] The court is not considering here the case where the instrument is in the hands of one other than the original party.

tion and as to what terms. If the parties did not intend the writing to be the final statement of their agreement in whole or in part then the parol evidence would be admitted to show the parties' true intent. [14]

*By the Court.*—Judgment for the plaintiff upon motion for summary judgment is reversed and cause remanded for further proceedings not inconsistent with this opinion.

---

[14] As to the trial court's order granting judgment on the grounds that the evidence of an oral agreement was insufficient to establish a contract it should be noted that the affidavit by a vice-president of the Bank merely states that his review of the written records of the Bank reveals no reference to an agreement relating to the date of the loan repayment. The affidavit contains no specific denial of the existence of an oral agreement. The Bank contends that even if FMI's version of the agreement is admitted no contract would be established since FMI was never obligated to repay the principal. This issue cannot be reached until the agreement of the parties is determined. Before legal issues may be considered, ". . . there must be no unresolved material questions of fact existing in the record. If there are, or if inferences must be drawn from the facts either to support or deny the application of the propositions of law advanced, this court cannot grant summary judgment. It is not the function of this court to resolve material questions of fact or to draw inferences which may be doubtful or uncertain, but to determine if such questions exist." *Zezblatt v. Sampson,* 12 Wis.2d 303, 309, 107 N.W.2d 122 (1961).