**Terry BALOUSEK, Plaintiff,**

v.

**MILWAUKEE CHEESE COMPANY, a Wisconsin Corporation, Robert H. Zwicky and Henry J. Zwicky, Defendants.**

**No. 76–C–106.**

United States District Court, E. D. Wisconsin.

June 29, 1978.

Edward P. Rudolph, Elm Grove, Wis., for plaintiff.

Stepke, Trebon & Schoenfeld by Howard A. Schoenfeld, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are two motions before the court. The defendant Milwaukee Cheese Company seeks partial summary judgment as to the first claim for relief brought by the plaintiff, and the defendants Robert H. Zwicky and Henry J. Zwicky have moved for summary judgment as to the second claim for relief. Both motions will be granted.

## MILWAUKEE CHEESE COMPANY'S MOTION

The corporation seeks partial summary judgment contending that the parol evidence rule limits its liability, if any, to the six-month period set forth in the written contract between the parties. In the complaint, the plaintiff seeks damages for a breach involving a term of four and a half years. However, in paragraph 5 of the written contract, it is provided as follows: "The term of this contract shall be six months." While the corporation is given an option to renew "for up to four (4) one-year terms," the express terminology of the written contract fixes the original term at six months.

Since parol evidence would be inadmissible to contradict this integrated contract, the defendant Milwaukee Cheese Company is entitled to partial summary judgment, restricting the plaintiff's damages to the six-month term of the contract. This result stems from my conclusion that, on its face, the contract is an integrated one pursuant to *Matthew v. American Family Mut. Ins. Co.*, 54 Wis.2d 336, 341, 195

N.W.2d 611 (1972); under Wisconsin law, the parol evidence rule precludes the submission of contradictory evidence of either prior writing or oral agreements in the absence of fraud, duress, or mutual mistake. *Federal Deposit Corp. v. First Mortg. Inv.*, 76 Wis.2d 151, 250 N.W.2d 362 (1977).

### THE ZWICKY MOTIONS FOR SUMMARY JUDGMENT

The individual defendants Robert and Henry Zwicky are charged in the second claim for relief with having "acted in various ways at various times . . . to interfere with the contract between the plaintiff and the defendant Milwaukee Cheese Company." The amended complaint also asserts that such "acts of interference were intentional and deliberate, undertaken with malice and improper purpose for their own purposes and against the best interest of the Milwaukee Cheese Company."

The submissions before the court demonstrate that Robert Zwicky is the sole stockholder of this corporation, and he has averred that the plaintiff's discharge was in the interests of the corporation and not "as a result of any improper motive on the part of affiant or to further some collateral advantage."

I have examined the submissions which have been supplied in connection with this motion and am unable to find any support for the plaintiff's contention that an "improper motive" can be demonstrated in the case at bar. This case is unlike *Mendelson v. Blatz Brewing Co.*, 9 Wis.2d 487, 101 N.W.2d 805 (1960), where the employee's termination was designed to further a scheme acquiring the employee's stock in the corporation for less than its true value. A similar "collateral purpose" is found in *Porcelli v. Joseph Schlitz Brewing Co.*, 397 F.Supp. 889 (E.D.Wis.1975). Aside from the conclusory statements of the complaint, I find no hint of any such collateral purpose in the record now before the court. The record establishes that the Zwickys acted on behalf of the corporation and therefore should not be subjected to the present claim for interference with the contract; in my opinion, the record demonstrates with clarity that they were operating as corporate officers. More particularly, the record contains no evidence that they sought collateral advantage in affecting Mr. Balousek's termination.

The plaintiff urges that his termination was not approved by the board of directors, but in my opinion, the documents now before the court demonstrate that there was no necessity for board action in connection with the termination. Mr. Balousek was a vice-president in charge of sales for a particular district, but that did not constitute him as an "officer" whose appointment or removal required the action of the board of directors of Milwaukee Cheese Company.

### CONCLUSION

Therefore, IT IS ORDERED that the motion for partial summary judgment of Milwaukee Cheese Company be and hereby is granted.

IT IS ALSO ORDERED that the motion of the defendants Robert H. Zwicky and Henry J. Zwicky for summary judgment as to the second claim for relief be and hereby is granted.