Eugene Sollman, Marion Posey and Anne Nykreim, Plaintiffs-Appellants,
v.
Polk County, Polk County Board of Supervisors, Larry Jepsen, Polk County Board Chairman and Catherine Albrecht, Polk County Clerk, Defendants-Respondents,
Lynn Ehn and Teamsters General Local Union No. 662, Intervenors-Co-Appellants.
No. 2008AP831-AC
Court of Appeals of Wisconsin, District III
September 16, 2008
Before Hoover, P.J., Peterson and Brunner, JJ.
¶ 1 PER CURIAM.
The appellants and intervenors-co-appellants include employees of a Polk County nursing home and their union representatives, a resident of the nursing home, and a member of the nursing home's governing committee. They appeal a summary judgment dismissing their action to enjoin the transfer of the County nursing home to a private entity. In this opinion, we refer to the appellants and intervenors-co-appellants collectively by the name of the first-captioned appellant, Sollman.
¶ 2 Sollman claims the circuit court erroneously concluded that, under the facts of this case, the County was not subject to statutory restrictions applicable to municipal transfers of real property originally donated to a municipality and required to be held for special purpose. We agree with Sollman and reverse the summary judgment. On remand, we direct the circuit court to grant summary judgment to Sollman.

BACKGROUND
¶ 3 In 1957, Annie Sylvester conveyed the property at issue to the County by deed. The conveyance was the result of efforts by the Amery Industrial Development Corporation (Development Corporation) to locate a nursing home in Amery. At the time, the County was considering where to place a nursing home, and different municipalities competing for the nursing home offered building sites to the County free of charge.
¶ 4 The Development Corporation discovered Sylvester's land and raised donations to purchase it as a proposed nursing home site. The County decided to build a nursing home in Amery, and the Development Corporation paid Sylvester $5,000 in exchange for her deeding her property to the County. This $5,000 was less than the fair market value of the property.
¶ 5 The deed from Sylvester to the County stated the conveyance was "for the sum of Five-Thousand Dollars ($5,000)...." Following a legal description of the property, the deed also stated:
If the above named grantee fails to commence construction of a County infirmary on the above described premises within two (2) years from the date of this conveyance, said property described above shall become the property of the Amery Industrial Development Corporation, a Wisconsin Corporation, and grantee herein agrees in such case to take all necessary proceedings to convey said premises to said Amery Industrial Development Corporation.
¶ 6 Within two years of the conveyance, the County commenced construction of a nursing home. Since that time, the County has owned and operated the nursing home. However, on January 22, 2008, the County Board voted on a resolution to convey the nursing home property to a private entity. The resolution passed by majority vote, with twelve votes for, and eleven against, the resolution.
¶ 7 On January 23, Sollman commenced this action to enjoin the transfer. Sollman argued the nursing home property was donated to the County for the special purpose of a County nursing home, which subjected the County to restrictions under WIS. STAT. §§ 59.52 and 66.1025.[1]
¶ 8 The County countered that the deed did not specify the property was donated for a special purpose. It argued the statute of frauds and parol evidence rule prohibited considering evidence of facts underlying the conveyance. Focusing on the deed, the County argued the language referring to a County infirmary was irrelevant because the condition imposed by that language, commencing construction of a County infirmary within two years, was satisfied.
¶ 9 The circuit court granted summary judgment to the County. The court first concluded the property Sylvester conveyed to the County was, at least in part, a gift or donation. The court then addressed the deed language requiring the County to construct a County infirmary within two years. The court concluded the sole effect of this language was to create a reversionary interest. Once the County constructed the infirmary within two years, the condition provided by the deed's language was satisfied, and the reversionary interest terminated. As a result, this language had no legal effect and did not demonstrate the land was donated for a special purpose.

DISCUSSION
¶ 10 We review summary judgments independently, applying the same methodology as the circuit court. Park Bancorporation, Inc. v. Sletteland, 182 Wis. 2d 131, 140, 513 N.W.2d 609 (Ct. App. 1994). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08.
¶ 11 Under WIS. STAT. § 59.52(6)(c), a county board has power to "[d]irect the clerk to lease, sell or convey or contract to sell or convey any county property, not donated and required to be held for a special purpose, on terms that the board approves." Pursuant to WIS. STAT. § 66.1025(1), land donated to a municipality and required to be held for a special purpose may be conveyed in limited circumstances:
If the governing body of a county, city, town or village accepts a gift or dedication of land made on condition that the land be devoted to a special purpose, and the condition subsequently becomes impossible or impracticable, the governing body may by resolution or ordinance enacted by a two-thirds vote of its members-elect either to grant the land back to the donor or dedicator or the heirs of the donor or dedicator, or accept from the donor or dedicator or the heirs of the donor or dedicator, a grant relieving the county, city, town or village of the condition, pursuant to article XI, section 3a, of the constitution.[2]
¶ 12 It is undisputed that, if the property was donated to the County with the condition that it be devoted to a special purpose, the County's actions were not consistent with the limitations of WIS. STAT. §§ 59.52(6)(c) and 66.1025(1). Thus, this case turns on whether the conveyance from Sylvester to the County was a donation conditioned on the property being devoted to a special purpose. See WIS. STAT. §§ 59.52(6)(c) and 66.1025(1).
¶ 13 We first address whether the property was donated. From the summary judgment record, it is undisputed that $5,000 was paid to Sylvester for the conveyance and this was less than the value of the property. It is also undisputed that the County paid no part of the $5,000, which was instead paid by the Development Corporation. Thus, the property conveyed to the County was, at least in part, donated by Sylvester in conjunction with the Development Corporation and, in any event, was entirely donated from the County's perspective.[3]
¶ 14 The next question is whether the conveyance was conditioned on the County devoting the property to a special purpose. See WIS. STAT. § 66.1025(1). While the County relies on the statute of frauds and parol evidence rule to argue that extrinsic evidence of a special purpose should be disregarded, it is unnecessary to resort to extrinsic evidence here.
¶ 15 The deed to the County, on its face, demonstrates the property was conveyed to the County for the special purpose of a County infirmary. The deed required the County to convey the land to the Development Corporation if the County failed "to commence construction of a County infirmary on the above described premises within two (2) years from the date of this conveyance ...." (Emphasis added.) Therefore, a County infirmary was a condition of the donation.
¶ 16 The fact that the County commenced construction of a County infirmary within two years does not eliminate the special purpose of a County infirmary; it only negates the requirement that the County convey the property to the Development Corporation, which the circuit court described as a reversionary interest. Sollman is not attempting to enforce the reversionary interest, but is instead claiming the County is subject to WIS. STAT. §§ 59.52(6)(c) and 66.1025(1). These are distinct and independent issues. Termination of the reversionary interest did not terminate the special purpose evident in the deed.
¶ 17 Thus, because the land was donated for the special purpose of a County infirmary, the County was subject to the restrictions of WIS. STAT. §§ 59.52(6)(c) and 66.1025. It is undisputed the County's actions were inconsistent with those restrictions. Therefore, we reverse the summary judgment and remand for the circuit court to grant summary judgment in Sollman's favor.
By the Court.Judgment reversed and cause remanded with directions.
NOTES
[1] All references to the Wisconsin Statutes are to the 2005-06 version unless otherwise noted.
[2] WISCONSIN STAT. § 66.1025(1) codifies WIS. CONST. art. XI, § 3a, and adopts much of its language verbatim.
[3] The County contends these facts should be ignored because they are not in the deed, relying on the statute of frauds and parol evidence rule. However, the County can point to nothing in the statute of frauds that requires the donative intent of a conveyance to be in writing. Further, the parol evidence rule prohibits evidence that varies or contradicts a contract's unambiguous terms. Federal Deposit Ins. Corp. v. First Mortgage Investors, 76 Wis. 2d 151, 156, 250 N.W.2d 362 (1977). Even if one assumes the deed is a contract, the uncontroverted evidence of a donation does not vary or contradict any of the deed's terms.